Jimmie Dale WOODS, Appellant,

v.

STATE of Indiana, Appellee.

No. 284 S 62.

Supreme Court of Indiana.

Dec. 13, 1984.

A. Leon Sarkisian, Merrillville, for appellant.

Linley E. Pearson, Atty. Gen., Theodore E. Hansen, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

Appellant was convicted by a jury of the illegal possession of a handgun, a Class D felony. Additionally the jury found appellant to be an habitual offender. He was sentenced to four (4) years imprisonment enhanced by thirty (30) years based on the habitual finding.

The facts are these. Appellant owned an automobile which he often loaned to his friend Gathen Erby. Erby borrowed the automobile on the morning of July 29, 1982. He continued to have possession of the car until he was killed in the early morning hours of July 30, 1982. Appellant then retrieved the automobile from the Gary street where Erby had parked it prior to his death. Appellant was stopped by the police on August 4, 1982. After the stop appellant consented to a search of the automobile. The police found a handgun hidden between the dashboard of the car and its frame.

Appellant's trial was in three phases. The first consisted of evidence as to appellant's possession of the illegal gun. In phase two the jury found appellant was a felon who illegally possessed a handgun. The effect of this was to raise the classification of the penalty from a Class A misdemeanor to a Class D felony. The third phase was the habitual offender portion of the trial.

Appellant argues the court erred when it permitted the same prior felony, a 1968 Armed Robbery conviction, to be used in both phases two and three. He argues he is being doubly punished for the same past crime. He cites a series of Kentucky cases which have supported this proposition. *See Jackson v. Commonwealth,* (1983) Ky., 650 S.W.2d 250; *Heady v. Commonwealth,* (1980) Ky., 597 S.W.2d 613.

While this may be the law in some states it is not the law in Indiana. Appellant cites no Indiana statutes or cases to support this proposition. In conducting phase two of the trial the court was responding to the policy that the jury not be exposed to a defendant's prior criminal record until it had rendered a finding on the principal issue of the crime charged. *See Lawrence v. State,* (1972) 259 Ind. 306, 286 N.E.2d 830.

During the second phase, the State properly introduced evidence of the 1968 crime. Ind.Code § 35–23–4.1–18(c) (repealed and recodified substantially verbatim at 35–47–2–1) (West Supp.1984) provides:

"(c) A person who violates section 3 or section 17 of this chapter commits a Class A misdemeanor. However, the offense is a Class D felony if the person has a prior conviction of any offense under this subsection."

The 1968 conviction was an offense under this subsection. At the conclusion of this phase the jury rendered a finding that appellant was guilty of a felony.

The court then moved to phase three which is governed by Ind.Code § 35–50–2–8 (West 1978). The language of the statute provides that any felony may be enhanced by a showing of two prior and unrelated felony convictions. *See Hernandez v. State,* (1982) Ind., 439 N.E.2d 625. We believe the clear intent of the legislature is that all persons who have been convicted of two prior felonies are subject to being found to be habitual offenders. In both of the above cited statutes, the defendant's prior conduct places him in a different status. That status is not an additional crime, but merely permits trial courts to enhance a given penalty by reason of the status of the offender. Such enhanced penalty does not constitute double jeopardy. *Hanks v. State,* (1948) 225 Ind. 593, 76 N.E.2d 702; *Hamilton v. State ex rel. Van Natta,* (1975) 163 Ind.App. 342, 323 N.E.2d 659, *appeal dismissed,* 424 U.S. 901, 96 S.Ct. 1092, 47 L.Ed.2d 306 (1976). We find no error in this regard by the trial court.

■ Appellant asks this Court to review the proportionality of the crime and the sentence in light of the United States Supreme Court's decision in *Solem v. Helm,* (1983) 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637. In *Solem* the Court said:

"In sum, we hold as a matter of principle that a criminal sentence must be proportionate to the crime for which the defendant has been convicted. Reviewing courts, of course, should grant substantial deference to the broad authority that legislatures necessarily possess in determining the types and limits of punishments for crimes, as well as to the discretion that trial courts possess in sentencing convicted criminals." *Id.* at ——, 103 S.Ct. at 3009, 77 L.Ed.2d at 649.

The Court then provided a three part test to be used in the appellate review of a proportionality challenge to a sentence.

"In sum, a court's proportionality analysis under the Eighth Amendment should be guided by objective criteria, including (i) the gravity of the offense and the harshness of the penalty; (ii) the sentences imposed on other criminals in the same jurisdiction; and (iii) the sentences imposed for commission of the same crime in other jurisdictions." *Id.* at ——, 103 S.Ct. at 3010, 77 L.Ed.2d at 650.

We first note the Court's admonition to provide substantial deference to the broad authority of the legislature to impose punishments including the authority to punish recidivists more severely. Secondly, appellant was convicted of a crime which involved the use of a deadly weapon. Thirdly, appellant's sentence is consistent with that provided for lesser offenses which have been enhanced by an habitual offender finding. Lastly, while some sister states may punish less severely for this particular crime, we are guided by the directive of our state legislature. We do not find the punishment in Indiana is grossly disproportionate so as to violate the ban against cruel and unusual punishment. *Garland v. State,* (1983) Ind., 444 N.E.2d 1180. We find no error in the sentence provided.

■ Appellant contends the verdict is contrary to law as there was insufficient evidence to demonstrate his knowledge of the presence of the gun in his automobile. The State had the burden of proving that a handgun was found in appellant's car and either he had control over the gun or he had control over the vehicle and a knowledge of the gun's presence. *Klopfenstein v. State,* (1982) Ind.App., 439 N.E.2d 1181. This Court will neither reweigh the evidence nor determine the credibility of witnesses. *Napier v. State,* (1983) Ind., 445 N.E.2d 1361. Where there is substantial evidence of probative value to support the conclusion of the trial court, the conviction will not be overturned. *Williams v. State,* (1982) Ind., 433 N.E.2d 769.

Evidence was introduced to show Erby had possession of appellant's vehicle four days prior to appellant's arrest. Erby's

mother testified the gun recovered resembled one owned by her son. She did note one significant difference between the gun recovered and the one owned by her son. The police testified the gun was located out of plain sight and was not easily accessible. Appellant contends these facts taken together show he could not have had knowledge of the presence of Erby's gun in appellant's automobile. He also presses a public policy argument that no one who loans goods to another should be placed under an affirmative duty to inspect those goods upon their return for contraband items. We find no merit in this argument.

■ The appellate courts of Indiana have recognized two separate categories of possession, actual and constructive. When constructive possession is asserted, the State must demonstrate the defendant's knowledge of the contraband. This knowledge may be inferred from either the exclusive dominion and control over the premise containing the contraband or, if the control is non-exclusive, evidence of additional circumstances pointing to the defendant's knowledge of the presence of the contraband. *Parson v. State*, (1982) Ind.App., 431 N.E.2d 870; *Haynes v. State*, (1982) Ind., 431 N.E.2d 83. Appellant argues this is a non-exclusive case in which the State failed to introduce evidence of additional circumstances.

■ Appellant is incorrect in two respects. This is an exclusive dominion case. In *Parson*, the court found a jury could properly infer a leasee of a motor home who was the sole occupant for more than a brief period of time was in exclusive control of the vehicle. Appellant's undisputed control over his own vehicle for four days is sufficient to establish exclusive dominion and control.

Secondly, assuming *arguendo*, this was a non-exclusive case, the State did introduce evidence of additional circumstances. The police testified a bag containing live ammunition compatible with the recovered gun was found on the front seat of the automobile. The police also testified that on a later occasion they had recovered another handgun from appellant's car hidden in the same location. This evidence is sufficient to support an inference by the jury that appellant had knowledge of the presence of the gun.

■ Appellant argues the trial court erred when it permitted the State to introduce evidence concerning the finding of the other handgun. In the time period following the instant arrest and appellant's trial in this cause, the police stopped appellant's car and found a second handgun in the same location. The State sought to introduce the facts concerning this arrest. Appellant objected on the grounds the criminal activity was subsequent to the instant crime and not a prior criminal act. In addition he argues the second offense was at that point merely an allegation before another court. Evidence of unrelated criminal activity may be placed before the jury to demonstrate common scheme, plan, motive, identity or intent. These are exceptions to the general rule which prohibits the admission of unrelated criminal acts. *Howard v. State*, (1981) Ind.App., 422 N.E.2d 440. Such evidence is not inadmissible merely because it tends to show guilt of another crime. *Wilson v. State*, (1982) Ind., 432 N.E.2d 30. The test is whether or not the evidence is significantly related to the charged crime as to be logically related to one of the particular accepted purposes. *Malone v. State*, (1982) Ind., 441 N.E.2d 1339.

■ In the case at bar the evidence was admissible to show the common scheme and plan of appellant in using that particular hiding place for his firearm. The trial court did not err in admitting the evidence.

■ Appellant claims the trial court erred in denying his motion for a mistrial because of misconduct of the prosecuting attorney during closing argument. However, the record discloses that the trial court stopped the prosecutor in the misstatements and admonished the jury that the statements were improper. The denial of a motion for mistrial will be reversed only for an abuse of discretion. *Dean v.*

*State*, (1982) Ind., 433 N.E.2d 1172. Only when the statement is so prejudicial as to have placed appellant in grave peril must the case be reversed. *Morse v. State*, (1980) 274 Ind. 652, 413 N.E.2d 885. The trial court properly instructed the jury. Appellant was placed in no great peril by the incident. The trial court did not err in denying the motion for mistrial.

The trial court is in all things affirmed.

All Justices concur.