**Michael H. TAYLOR, Appellant,**

v.

**STATE of Indiana, Appellee.**

No. 985S354.

Supreme Court of Indiana.

Sept. 6, 1985.

Andrew P. Sheff, Bennett & Sheff, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Latrietalle Wheat, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

This cause comes to us on a petition to transfer from the Fourth District Court of Appeals, brought by Appellee State of Indiana.

Appellant Michael Taylor was tried to the court on a charge of carrying a handgun without a license, a class D felony, found guilty and received an executed sentence of two years with six months suspended. The sole issue raised by Appellant in his appeal to the Court of Appeals was the sufficiency of evidence presented at trial as to his control and knowledge of the presence of the handgun in the vehicle to sustain a finding of guilt.

The facts are not in dispute and show that on February 18, 1983, at about 10:00 p.m., Indianapolis Police Officer John Upton was at 38th Street and Sherman Drive, blocking traffic on 38th Street to allow a car to pass. A second police officer was in another police vehicle directly in the middle of the intersection. Both police vehicles had their red lights and sirens in operation. After the traffic light for Sherman Drive changed to green, a green 1970 Pontiac, eastbound on 38th Street, proceeded through the red light almost striking both police vehicles and then stopped at the east side of the intersection, pulling into an abandoned service station area. Both police vehicles pulled close to the Pontiac. As Officer Upton approached the Pontiac on the passenger side, Mr. Martin exited the vehicle from the driver's door and walked toward the police vehicle parked behind it. When Officer Upton was approximately three to four feet from the Pontiac, Defendant exited the vehicle from the passen-

ger door. At the same time that Defendant exited the vehicle, Officer Upton observed a .38 calibre revolver lying on the front seat of the Pontiac in plain view. The revolver was lying in the middle of the front bench seat. While the passenger door was open, Officer Upton also observed a .45 calibre automatic handgun lying on the floor of the car, immediately in front of the front seat on the passenger side where Defendant had been sitting. The .45 calibre handgun was approximately 8 to 10 inches from the passenger door. Officer Upton asked both Defendant and Mr. Martin whether they had a license to possess a handgun and they both replied "No." The parties stipulated that Defendant had a prior burglary conviction. Defendant testified at trial that he had gotten into Martin's car about 10 or 15 minutes before this incident and that he did not see or know of the presence of either of the guns when he entered the car. He stated he first saw the .38 revolver lying on the front seat when Martin exited the car at the gas station. He further claimed he never saw the .45 automatic on the floor in front of his seat.

It is well established that in reviewing the challenge to the sufficiency of the evidence to support a conviction, we will not reweigh the evidence nor reassess the credibility of the witnesses; we will consider only the evidence most favorable to the State and all reasonable inferences therefrom. *McDowell v. State*, (1983) Ind., 456 N.E.2d 713. If there is substantial evidence of probative value to support each element of the offense, we will not disturb the decision of the trier of fact. *Warner v. State*, (1983) Ind., 455 N.E.2d 355. Because we feel the Court of Appeals did not properly apply this standard, we vacate the opinion of the Court of Appeals and affirm the trial court.

Defendant was charged with and convicted of violating Ind.Code § 35–23–4.1–3 (Burns 1982) which provides:

"Except as provided in [I.C. 35–23–4.1–4] of this chapter, no person shall carry a handgun in any vehicle or on or about his person, except in his place of abode, on his property or fixed place of business, without a license issued under this chapter."

In finding an insufficiency of evidence the Court of Appeals relied almost exclusively on this Court's decision in *Frasier v. State*, (1974) 262 Ind. 59, 312 N.E.2d 77, *cert. denied* (1974), 419 U.S. 1092, 95 S.Ct. 686, 42 L.Ed.2d 686. The facts and holding in *Frasier* were outlined as follows:

"We reversed the trial court's judgment on the gun-possession charge. The evidence, from the viewpoint most favorable to the State, [citations omitted] is simply that Appellant was a passenger in an automobile stopped by a Deputy Sheriff. Both the driver and Appellant, who was riding in the front passenger seat, got out of the car and stood at the rear of the car. A gun-fight developed between the driver and the Deputy Sheriff. Subsequent to this gun fight, in which the driver of the car was killed, the Appellant was arrested. A search of the car revealed a pistol lying *on the passenger's seat.* These meager facts do not support, as a matter of law, an inference that beyond a reasonable doubt Appellant once possessed this gun."

*Id.* at 63, 312 N.E.2d at 79 (emphasis added).

There are facts in this case that distinguish it from the fact situation in *Frasier* and which the trial court had to weigh in making its determination of guilt. There is no evidence in *Frasier* that the gun was on the passenger seat when Defendant was in the automobile. The gun in *Frasier* could have been concealed by the driver so that Frasier was not in a position to know of its presence or it could have been placed there by the driver as he exited the vehicle to encounter the deputy sheriff. That is not the fact here. Officer Upton was able to observe both pistols within easy reach and in plain sight of Defendant Taylor. In fact, the .45 automatic was in the very area Defendant placed his feet, within his easy reach, and where it could not be controlled or possessed by the driver of the vehicle.

We agree with Judge Conover's findings in his dissent that there clearly was a reasonable inference Taylor had constructive possession of the .45 Colt automatic pistol. He had primary control over the .45 lying between his feet and was in the best position to gain actual control of the weapon as he easily could reach it but it would have been difficult, if not impossible, for the driver to reach. From all of these facts and circumstances, the trial court could reasonably find the defendant possessed the requisite knowledge of the nature of the contraband and its presence sufficient to find constructive possession.

In *Woods v. State*, (1984) Ind., 471 N.E.2d 691, *reh. denied*, Defendant Woods was convicted of the identical charge as that of Defendant Taylor here. Woods was the owner of the vehicle in question but had loaned it to another party for about two days. After Woods had possession of his vehicle for about four days, the pistol in question was found concealed in the vehicle. Woods raised on appeal the precise question presented by Taylor here and this Court held:

"The appellate courts of Indiana have recognized two separate categories of possession, actual and constructive. When constructive possession is asserted, the State must demonstrate the defendant's knowledge of the contraband. This knowledge may be inferred from either the exclusive dominion and control over the premise containing the contraband or, if the control is non-exclusive, evidence of additional circumstances pointing to the defendant's knowledge of the presence of the contraband. *Parson v. State*, (1982) Ind.App., 431 N.E.2d 870; *Haynes v. State*, (1982) Ind., 431 N.E.2d 83."

*Woods*, Ind., 471 N.E.2d at 694.

In *Klopfenstein v. State*, (1982) Ind.App., 439 N.E.2d 1181, Klopfenstein was the driver of the vehicle in which several guns were found. Four people were in the vehicle. Klopfenstein contended the State failed to show he had custody, control or possession of the handguns sufficient to support the element of carrying a handgun in any vehicle since it was proven only that there was a mere presence of a handgun in the vehicle. The record showed that after the occupants of the vehicle had alighted, Officer Owensby discovered four firearms which were or had been in the vehicle. Two of them were handguns. The police officer testified he observed the butt of a pistol protruding from the floor directly beneath the driver's seat. The Court of Appeals then cited the following passage from *Phillips v. State*, (1974) 160 Ind.App. 647, 651, 313 N.E.2d 101, 103, for an analogous case of constructive possession of a controlled substance:

"While an accused must have actual knowledge of the presence of the item and of the item's character, this knowledge can be inferred from the fact that the item was found in a place under his dominion and control."

In *Thomas v. State*, (1973) 260 Ind. 1, 291 N.E.2d 557, this Court defined constructive possession as the intent and capability to maintain control and dominion of the item. In this regard, the evidence must establish knowledge of the item and its character. The facts in *Thomas* showed that Defendant was seated at a table on which heroin was found in open view. There were two packets of heroin, one on the table in close proximity to where defendant Thomas was sitting and the other on the table in close proximity to the other person at the table. The *Thomas* court found there was a correlation between the number of packets of heroin and the number of persons present, and the nature of the items and their location allowed an inference that Defendant had knowledge of the items and their character. The Court of Appeals came to a similar conclusion in *Martin v. State*, (1978) 175 Ind.App. 503, 372 N.E.2d 1194, finding that the evidence need only establish the defendant's ability to control, that is the ability to reduce the substance to his personal possession or otherwise direct its disposition or use. *See also Watt v. State*, (1980) Ind.App., 412 N.E.2d 90, *reh. denied; Mills v. State*, (1978) 177 Ind.App. 432, 379 N.E.2d 1023; *Hutcherson v. State*, (1978)

178 Ind.App. 8, 381 N.E.2d 877, *reh. denied; Johnson v. State*, (1975) 163 Ind. App. 684, 325 N.E.2d 859.

The facts before the trial court here justified him in finding or inferring beyond a reasonable doubt that Defendant had constructive possession of either of the pistols and more particularly the .45 calibre Colt automatic. Defendant had an intent and capability to maintain control and dominion over the contraband and there was ample evidence to demonstrate that he had the requisite knowledge of the nature of the contraband and its presence.

The opinion of the Court of Appeals is vacated and the judgment of the trial court is affirmed.

GIVAN, C.J., and DeBRULER and PRENTICE, JJ., concur.

HUNTER, J., not participating.