STATE of Indiana, Appellant
(Plaintiff Below),

v.

DeVon GOODRICH, Jr., Appellee
(Defendant Below).

No. 20S03–8703–CR–300.

Supreme Court of Indiana.

March 13, 1987.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellant.

Sam Mirkin, South Bend, for appellee.

SHEPARD, Justice.

The State seeks the right to try appellee DeVon Goodrich a second time. The trial court granted Goodrich a judgment at the close of all the evidence, but the Court of Appeals determined by a majority vote that an erroneous standard was used in doing so. Nevertheless, a retrial would violate the double jeopardy provisions of the United States Constitution. .

Goodrich was tried before a jury on charges of reckless homicide, a class C felony, Ind.Code § 35-42-1-5 (Burns 1982 Supp.). The court granted a defendant's motion for a directed verdict at the close of the evidence. Rule 50(A), Ind. Rules of Trial Procedure.

In granting Goodrich's motion, the trial court indicated that the evidence was such that no reasonable jury could find that the State had proved all the elements of the crime beyond a reasonable doubt. The State filed an appeal of a reserved question of law under Ind.Code § 35-38-4-2, arguing that the trial court had used an improper standard.

■ The Court of Appeals agreed that the trial court was not authorized under Trial Rule 50, in a criminal case, to consider whether the evidence presented could be viewed by a reasonable jury as constituting proof beyond a reasonable doubt. Rather, the court can only grant the defendant's motion where there is a total absence of evidence on some essential issue or where the evidence is without conflict and susceptible to only one inference, an inference favorable to the defendant. *State v. Lewis* (1981), Ind., 429 N.E.2d 1110.

The Court of Appeals also determined that the State had failed to produce evidence of recklessness and affirmed the judgment of the trial court notwithstanding the erroneous statement of law. *State v. Goodrich* (1986), Ind.App., 498 N.E.2d 994.

The State petitions for transfer, urging that there was evidence on the question of recklessness and arguing that the Court of Appeals did not give proper weight to that evidence in its determination that there was an absence of proof on this element of the crime. The State requests that the case be remanded for a new trial.

■ When a defendant has been acquitted and the State appeals a reserved question of law, only questions of law are considered by this Court. *State v. Robbins* (1943), 221 Ind. 125, 46 N.E.2d 691. Though these questions are sometimes moot, this Court has frequently permitted such appeals in deference to the statute enacted by the General Assembly as a way to furnish guidance to the trial courts in future cases. *State v. Rinehart* (1960), 241 Ind. 129, 170 N.E.2d 236. This policy has existed for more than a century. *E.g.*, *State v. Hall* (1877), 58 Ind. 512.

The instant appeal is one in which the Court of Appeals has stated well the rule of law concerning the appropriate standard to be applied when a criminal defendant moves for a judgment at the close of all the evidence. We adopt the Court's holding on this question. Appellate Rule 11(B)(3), Ind. Rules of Appellate Procedure.

■ The State requests that we vacate the opinion of the Court of Appeals and remand this matter to the trial court so that the defendant can be retried. However, a second trial is barred by the double jeopardy provisions of the Fifth Amendment. The act of a trial judge in granting a judgment to the defendant, even when he errs in applying the law, acts as an acquittal and bars a second trial. *Smalis v. Pennsylvania* (1986), —— U.S. ——, 106 S.Ct. 1745, 90 L.Ed.2d 116.

Accordingly, the petition for transfer is granted. The decision of the Court of Appeals and the judgment of the trial court are affirmed.

DeBRULER, GIVAN, PIVARNIK and DICKSON, JJ., concur.