Colen Neale Isenhower
HOFFMAN, Appellant,

v.

STATE of Indiana, Appellee.

No. 49S00–8705–CR–462.

Supreme Court of Indiana.

March 25, 1988.

Rehearing Denied June 14, 1988.

Belle T. Choate, Choate Visher & Haith, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Lisa M. Paunika, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in a conviction of appellant of Attempted Burglary, a Class B felony, for which he received a sentence of ten (10) years enhanced by thirty (30) years by reason of his status as an habitual offender and Carrying a Handgun without a License, a Class A misdemeanor, for which he received a sentence of one (1) year, the sentences to run concurrently.

The facts are: On March 12, 1985, Jeffrey Carpenter heard the sound of someone pounding on his locked door. Carpenter peered through the door's peephole and saw two men wearing green army field jackets standing outside his door. Moments later Carpenter heard the sound of a metal object drop outside his door. Suddenly the door popped partially open. Carpenter grabbed the knob, opened the door wide, and confronted appellant. Appellant said, "Whoa, excuse me." He stated he was looking for a person named "Joe Fishbaum." When Carpenter told him no one of that name lived in the building, appellant left and two other men joined him. The three entered a station wagon that was backed up to the sidewalk leading to the apartment entry. The curb at this location was painted yellow to indicate no parking, but it would have been convenient for loading items from the apartment to the back of the station wagon. Carpenter obtained the license plate number of the vehicle and gave a description of the vehicle and individuals to Richard Rominger, a private security guard retained by the apartment complex.

On March 18, 1985, while patrolling in another apartment complex, Rominger observed a vehicle which matched Carpenter's description of the vehicle he had seen on March 12. There were also three individuals in the vehicle matching the description given by Carpenter. Rominger radioed for police assistance and stopped the vehicle. When police assistance arrived, the subjects were required to exit the station wagon. At that time, the police officers discovered three loaded guns, one under each seat that had been occupied by the individuals. It was determined that none of the individuals had permits for the weapons. Police also discovered several pry bars and an extra license plate under the front seat of the vehicle. Pry marks on Carpenter's door indicated that a pry bar had been used to pop it open.

Appellant claims there is insufficient evidence to support the verdict of the jury. As to the firearms charge, appellant claims the evidence merely showed he was arrested while he was a passenger in a vehicle in which some firearms were hidden and that there was no evidence that he knew of the presence of the firearms or that he had any control over them. This Court has recognized both actual and constructive possession of weapons. Con-

structive possession may be inferred even if appellant's control is nonexclusive if circumstantial evidence points to his knowledge of the presence of the weapon. *Woods v. State* (1984), Ind., 471 N.E.2d 691.

In the case at bar, a weapon was found under the seat each subject had occupied just prior to being required to exit the vehicle. This was evidence from which the jury could conclude that each man was armed and that each discarded the weapon under the seat at the time officers required them to leave the vehicle. There is sufficient evidence to support the verdict of the jury on the weapon charge.

■ As to the attempted burglary charge, appellant contends the evidence is insufficient in that there is no showing he intended to commit theft once entry had been accomplished. Appellant has furnished additional authority subsequent to the filing of his brief. He cites *Gilliam v. State* (1987), Ind., 508 N.E.2d 1270 for the proposition that the State must furnish some evidence to demonstrate intent to commit a felony inside the burglarized premises.

In *Gilliam*, Chief Justice Shepard cited several cases in which this Court has held that the intent to commit a felony might be inferred from the circumstantial evidence; he pointed out, however, that in the *Gilliam* case there was no evidence whatever from which a trier of fact could ascertain Gilliam's intent to commit a felony within the premises. The case at bar parallels the cases cited by Chief Justice Shepard to demonstrate when the State has in fact met its burden of proof.

In the case at bar, there was direct evidence that at a time when appellant was standing outside Carpenter's door it was "popped open." There was circumstantial evidence that a pry bar was used to accomplish the opening. Six days later, when appellant and his accomplices were arrested in the same vehicle in another apartment complex, each was armed, the vehicle contained pry bars, and an extra license plate for the vehicle. This is sufficient circumstantial evidence from which the jury could

conclude that appellant and his confederates did in fact intend to burglarize apartments in the complex. There is sufficient evidence to sustain the verdict of the jury.

■ Appellant claims the trial court erred in refusing his tendered final instruction on the lesser included offense of trespass. We have held that when a defendant is charged with a specific offense it is not necessary to instruct the jury on a lesser offense. *Counceller v. State* (1984), Ind., 466 N.E.2d 456. In the case at bar, the charging information clearly charges an attempt to commit the crime of burglary. There is no language in the information that could be interpreted to include the crime of criminal trespass which is not necessarily an inherently included offense in burglary. *Goodpasture v. State* (1980), 273 Ind. 170, 402 N.E.2d 1239. There was no error in refusing to give appellant's tendered instruction.

■ Appellant claims it was fundamental error for the court to fail to strike the entire jury panel and order a mistrial. He bases this contention on his conclusion that the *voir dire* was so tainted that the entire panel was prejudiced. However, appellant makes no specific charges in this regard but invites us to examine the entire transcript of the *voir dire* and determine for ourselves that there was misconduct in the impaneling of the jury. This Court will not search the records on such a general allegation. *Bieghler v. State* (1985), Ind., 481 N.E.2d 78, *cert. denied*, 475 U.S. 1031, 106 S.Ct. 1241, 89 L.Ed.2d 349.

■ Appellant also claimed the court should have conducted an individualized *voir dire*; however, no such request was made at the time of trial nor does appellant give us any specific reason why such *voir dire* should have been conducted. We see no reversible error here. *See Burris v. State* (1984), Ind., 465 N.E.2d 171.

■ Appellant claims fundamental error occurred during final argument by the State when the prosecutor made allusion to the possibility of a State's witness being killed during appellant's arrest. The allu-

sion was made when the prosecutor was arguing the weapon charge to the jury. It was proper for the prosecutor to remind the jury of the seriousness of a weapon charge and the reason for the same. In so doing, she pointed out that guns were found under each seat occupied by the subjects and that such a situation poses a danger to arresting officers. It was within the discretion of the trial court to allow such fair comment on the charges made and the evidence to support the charges. *Spangler v. State* (1986), Ind., 498 N.E.2d 1206.

■ Appellant claims he was denied effective assistance of trial counsel. He then lists seventeen examples of what he deems shortcomings of his trial counsel. However, each example given by appellant is entirely conclusory and is wholly unsupported by argument, although he claims that his list demonstrates a departure from the standards set forth in *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. The matters listed by appellant are for the most part matters of counsel's trial tactics which will not be second-guessed on appeal. *Id.* Appellant has presented nothing in his brief from which we could conclude that trial counsel was ineffective.

The trial court is affirmed.

SHEPARD, C.J., and PIVARNIK and DICKSON, JJ., concur.

DeBRULER, J., concurs and dissents with separate opinion.

DeBRULER, Justice, concurring and dissenting.

Appellant was convicted of attempted burglary. The necessary evidentiary showing was that, with the intent to commit a felony, appellant attempted a breaking and entering. The opening of the locked door was sufficient to qualify as an attempted breaking and entering. What is lacking is any evidence that the attempt was made with the intent to commit theft, as charged in the information.

As was explained in *Gilliam v. State* (1987), Ind., 508 N.E.2d 1270, there must be "some fact in evidence [which] point[s] toward an intent to commit a specific felony once the perpetrator has entered the premises." *Id.* at 1271. There was no evidence presented in this case from which the jury could find beyond a reasonable doubt that appellant intended to commit theft once he gained entrance.

Appellant was arrested six days later in an apartment complex and the car that he was in contained handguns, prybars and an extra license plate. This in no way supports the conclusion that appellant intended to commit theft when he opened the locked door. Had the car contained items stolen in a burglary or had appellant and his accomplices been arrested stealing items from an apartment then this could circumstantially support a finding of intent to commit theft. However, as it stands, there is no evidence that theft was in fact what appellant intended when he opened the door.

The burglary conviction should be reversed and the handgun conviction affirmed.