STATE of Indiana, Appellant–Plaintiff,

v.

Larry McKISSACK, Appellee–Defendant.

No. 45A04–9302–CR–64.

Court of Appeals of Indiana,
Fourth District.

Dec. 15, 1993.

Pamela Carter, Atty. Gen., Geoff Davis, Deputy Atty. Gen., Indianapolis, for appellant-plaintiff.

CHEZEM, Judge.

### Case Summary

The State of Indiana ("State") appeals upon a reserved question, pursuant to Indiana Code § 35–38–4–2, in the acquittal of Larry McKissack ("McKissack") on the charge of rape, a class B felony.

### Issue

The State presents one issue for our review: Whether the trial court properly granted McKissack's motion for judgment on the evidence.

### Factual and Procedural History

McKissack, a high school girl's volleyball coach, was charged with the rape of a student, a class B felony, on August 11, 1992. His jury trial began on November 2, 1992. On November 6, at the conclusion of the State's case-in-chief, McKissack made a motion for judgment on the evidence pursuant to Indiana Trial Rule 50(A). After hearing arguments, duly-appointed Judge Pro Tempore James F. Stanton granted the motion. Further facts will be supplied as needed.

### Discussion and Decision

A criminal defendant's motion for judgment on the evidence should be granted only where there is a total absence of

evidence on some essential issue or where the evidence is without conflict and susceptible to only one inference, favorable to the defendant. *State v. Goodrich* (1987), Ind., 504 N.E.2d 1023, 1024. If there is evidence of each element of the crime charged or inconsistent possible inferences, the motion should be denied. *State v. Goodrich* (1986), Ind.App., 498 N.E.2d 994, 997, *aff'd* 504 N.E.2d 1023. The trial judge should not weigh the credibility of witnesses when ruling on a motion for judgment on the evidence in a jury trial. *See Goodrich*, 504 N.E.2d at 1024; *Stanley v. Fisher* (1981), Ind.App., 417 N.E.2d 932; *Bowers v. Axsom* (1971), 149 Ind.App. 544, 274 N.E.2d 287.

█ The State argues that the trial judge weighed the evidence when considering the motion for judgment on the evidence, thereby applying the wrong legal standard. We agree.

McKissack was charged with rape under Ind.Code § 35–42–4–1(1). A person who knowingly or intentionally has sexual intercourse with a member of the opposite sex when the other person is compelled by force, or imminent threat of force, commits rape. The record shows that the State did present evidence on each element of the crime charged. First, the victim testified that McKissack refused to take her home despite her repeated requests. She also testified that he forcibly kissed her, while she resisted by spitting at him. The victim also testified several times that she resisted physically by trying to knee him. When asked why she did not resist further, she testified, "I just gave up...."

Additionally, there was evidence that a gun was visible on the front car seat and, although McKissack did not handle it during the incident, an inference of imminent threat of force is plausible. The victim also testified that McKissack pushed her down onto the car seat by her shoulders and inserted his penis into her vagina when she refused to do so herself. This evidence supports the inference that McKissack knew that Fuller was unwilling to have intercourse with him and that he compelled her to do so by force or imminent threat of force.

█ Because the State presented evidence on each element of the crime, the trial judge should not have granted the motion for judgment on the evidence. *Goodrich*, 504 N.E.2d at 1024. However, in this case, the record clearly indicates that the trial judge also improperly weighed the evidence in reaching his decision to grant the motion. The judge pointed to inconsistencies among witness statements and the "lack of credible evidence to convict the defendant of this offense" when announcing the rationale behind his decision. Further, as the prosecutor pointed out at trial, the case law upon which the judge relied, *Jones v. State* (1992), Ind., 589 N.E.2d 241, dealt with the *sufficiency* of evidence to sustain a conviction, not the *lack* of evidence on elements of the crime. The judge's explanation reveals that he improperly weighed the evidence, instead of simply determining whether any evidence had been presented on each element of the crime. Thus, he failed to apply the correct legal standard when ruling on the motion.

█ When a defendant has been acquitted and the State appeals a reserved question of law, only questions of law are considered by this court, as a way to furnish guidance to trial courts in future cases. *Id.* When a trial judge grants a judgment to the defendant, even when he errs in applying the law, that judgment acts as an acquittal and bars a second trial. *Smalis v. Pennsylvania*, 476 U.S. 140, 106 S.Ct. 1745, 90 L.Ed.2d 116 (1986). Therefore, we are unable to remand this case for retrial.

CONOVER and FRIEDLANDER, JJ., concur.