STATE of Indiana, Appellant–Plaintiff,

v.

John & Patrick HILL, Appellees–
Defendants.

No. 49A04–9612–CR–500.

Court of Appeals of Indiana.

Dec. 9, 1997.

Rehearing Denied Jan. 14, 1998.

Transfer Denied March 18, 1998.

Jeffrey A. Modisett, Attorney General,
Carol A. Nemeth, Deputy Attorney General,
Indianapolis, for Appellant–Plaintiff.

Elizabeth A. Gamboa, Indianapolis, for Appellees–Defendants.

# OPINION

CHEZEM, Judge.

## Case Summary

The State appeals upon a reserved question of law, pursuant to Ind.Code § 35–38–4–2(4), in the acquittal of John Hill and Patrick Hill[1] on a charge of carrying a handgun without a license,[2] a class A misdemeanor.

## Issue

The State presents one issue for our review: whether the trial court properly granted the defendants' motion for judgment on the evidence.

## Facts and Procedural History

On August 25, 1995, police officers received a report of shots being fired and a description of three vehicles involved in the incident. Two officers pulled over the vehicle in which the defendants were riding because it matched the description. One of the officers observed a handgun on the back seat of the vehicle, between the defendants. He also saw a magazine for the gun underneath John's leg and a holster for the gun near Patrick's feet. Neither defendant had a license to carry a handgun.

At their joint trial, following the close of the State's evidence, both defendants moved for judgment on the evidence. Although the motion was denied, during cross examination of the first defense witness, the trial court interjected: "I'm reversing my opinion about a directed verdict, having just read *Walker v. State*, 631 N.E.2d 1 [Ind. Ct.App.1994]. And the Court of Appeals has said that in carrying a handgun without a license, constructed [sic] possession doesn't make it." (R. 167–68).

---

1. January 15, 1997, we granted the State's petition to consolidate the defendants' appeals.

2. Ind.Code § 35–47–2–1, –23.

## Discussion and Decision

"Where all or some of the issues in a case tried before a jury ... are not supported by sufficient evidence ... the court shall withdraw such issues from the jury and enter judgment thereon." Ind.Trial Rule 50(A). A criminal defendant's motion for judgment on the evidence should be granted only where there is a total absence of evidence on some essential issue or where the evidence is without conflict and susceptible to only one inference, favorable to the defendant. *State v. Goodrich*, 504 N.E.2d 1023, 1024 (Ind.1987). If there is evidence of each element of the crime charged or inconsistent possible inferences, the motion should be denied. *State v. McKissack*, 625 N.E.2d 1246, 1248 (Ind.Ct.App.1993). The trial judge should not weigh the credibility of witnesses when ruling on a motion for judgment on the evidence in a jury trial. *Id.* When a defendant has been acquitted and the State appeals a reserved question of law, only questions of law are considered by this court. *Goodrich*, 504 N.E.2d at 1024.

In order to have met its burden, the State had to prove beyond a reasonable doubt that either or both defendants "carr[ied] a handgun in any vehicle or on or about his person ... without a license ... being in his possession," Ind.Code § 35–47–2–1. A "person who violates [Ind.Code § 35–47–2–1] commits a Class A misdemeanor. However, the offense is a Class C felony ... if the person ... has been convicted of a felony within fifteen (15) years before the date of the offense." Ind. Code § 35–47–2–23(c). The trial court apparently found that the handgun on the back seat of the vehicle in which the defendants were passengers was not in the actual possession of either defendant. The court then concluded that constructive possession is insufficient to establish that one "carries" a handgun.

Our supreme court has addressed constructive possession[3] and the offense of

---

3. A party may be in constructive possession of property without having actual possession if he has the intent and capability to maintain domin-

carrying an unlicensed handgun in several cases. In *Woods v. State*, 471 N.E.2d 691 (Ind.1984), the court affirmed a vehicle owner's conviction "of the illegal possession of a handgun."[4] *Id.* at 692. In order to convict a vehicle owner of carrying an unlicensed handgun, it must be shown that the defendant either had control over the gun or control over the vehicle and knowledge of the gun's presence. *Id.* at 693. The *Woods* court stated

> [w]hen constructive possession is asserted, the State must demonstrate the defendant's knowledge of the contraband. This knowledge may be inferred from ... the exclusive dominion and control over the premise containing the contraband or, if the control is non-exclusive, evidence of additional circumstances pointing to the defendant's knowledge of the presence of the contraband.

*Id.* at 694. The court held that evidence of the defendant's control over the vehicle was sufficient to support an inference by the jury that he had knowledge of the presence of the handgun.

In *Taylor v. State*, 482 N.E.2d 259 (Ind. 1985), a vehicle passenger's conviction for carrying an unlicensed handgun was affirmed. After the driver had exited the vehicle, one handgun was found on the front seat, and a second was found on the floor in front of the passenger's seat, eight to ten inches from the passenger door. The court concluded "that there clearly was a reasonable inference Taylor had constructive possession" of the second handgun. *Id.* at 261. Relying on evidence that Taylor had the capability to maintain control and dominion over the guns, the court held "[t]he facts before the trial court here justified him in finding or infer-

ring beyond a reasonable doubt that Defendant had constructive possession of *either* of the pistols." *Id.* at 262 (emphasis added).

*McAnalley v. State*, 514 N.E.2d 831 (Ind. 1987), involved a conviction for carrying an unlicensed handgun "on or about" McAnalley's person. Police observed the defendant throw an object into the corner of a tavern, whereupon they retrieved a handgun from the corner. Our supreme court affirmed McAnalley's conviction. The court addressed whether the word "carrying" had a meaning which included transporting or conveying where the defendant and handgun were not in a vehicle. Dictionary definitions of "carry" supported both connotations: "to have on one's person or keep with one" and "transport, as in a vehicle." *Id.* at 834. The court held that "when referring to the carrying of a handgun on or about one's person, *as distinguished from carrying a handgun in a vehicle*, the statute proscribes having on one's person an unlicensed handgun." *Id.* (emphasis added). We believe that this holding was not meant to abrogate the statutory language "or about,"[5] but to distinguish the circumstance of a defendant in a vehicle from that of a defendant in a stationary setting. The *McAnalley* court then concluded that "the evidence was sufficient to show that the defendant *possessed* the handgun on his person." *Id.* (emphasis added).

Finally, in *Hoffman v. State*, 520 N.E.2d 436 (Ind.1988), the court affirmed the defendant's conviction of carrying an unlicensed handgun. The vehicle in which Hoffman was riding was pulled over by the police, who discovered three loaded guns, one under each seat which had been occupied prior to the stop. Hoffman claimed that there was no evidence that he knew of the presence of the guns or maintained any control over them.

---

ion and control over the property. *Parke State Bank v. Akers*, 659 N.E.2d 1031, 1034 (Ind.1995).

**4.** Although the court used the term "possession," the offense was carrying an unlicensed handgun in a vehicle. Ind.Code § 35–23–4.1–3 (Acts 1973, P.L. 333, SEC. 1, *repealed by* P.L. 311–

1983, SEC. 49), *now* Ind.Code § 35–47–2–1 (P.L. 311–1983, SEC.32).

**5.** Definitions of "about" include "in the immediate neighborhood of," or "in the vicinity." Webster's Third New International Dictionary 5 (1976).

The court stated that constructive possession may be inferred even if Hoffman's control was nonexclusive if there was evidence that he knew of the presence of the handgun. Our supreme court then held that finding a weapon under the seat Hoffman had occupied "was evidence from which the jury could conclude that [he] was armed." *Id.* at 438.

A panel of this court, in *Cole v. State*, 588 N.E.2d 1316 (Ind.Ct.App.1992), reversed a conviction for carrying an unlicensed handgun on the grounds of insufficient evidence. In *Cole*, the defendant was a front seat passenger in a vehicle in which a handgun was found on the driver's side back seat floorboard. This court cited *McAnalley* for the proposition that the handgun must be found on defendant's person even though *McAnalley* expressly distinguished its holding from the offense of carrying an unlicensed handgun in a *vehicle*. The *Cole* panel went on to distinguish *Hoffman*, denominating as dicta our supreme court's discussion of constructive possession in that case. The reasoning in *Cole* was that while *Hoffman* and *Woods* acknowledged that evidence of constructive possession may also be sufficient to prove the offense of carrying an unlicensed handgun, the discussion of constructive possession was merely explanatory because the offense in *Hoffman* and *Woods* was not *possession* of an unlicensed handgun. *See id.* at 1318 n. 4. We find this distinction unpersuasive. The *McAnalley* court, in interpreting the word "carrying," held that "evidence sufficient to show that the defendant possessed the handgun" was "sufficient to prove the 'carrying' element of the offense." *McAnalley*, 514 N.E.2d at 834. The court, in effect, concluded that "carry," as used in Ind.Code § 35–47–2–1, meant "possess." [6]

More recently, our fifth district, in *Walker v. State*, 631 N.E.2d 1 (Ind.Ct.App.1994), reversed Walker's conviction for carrying an unlicensed handgun, relying upon *Cole*. A handgun was found in the trunk of a vehicle in which Walker was a front seat passenger.

The vehicle's back seat had been pulled away from the frame, exposing the trunk. The *Walker* court concluded that "a discussion of actual versus constructive possession is of no help in this case because the statute here does not speak in terms of possessing a handgun. Rather it speaks in terms of *carrying* a handgun." *Id.* at 2 (emphasis in original). We must disagree with this reasoning. The offense in *Woods, Taylor,* and *Hoffman* was not possessing an unlicensed handgun, yet our supreme court, in each of those cases, thought that a discussion of constructive possession was necessary.

Lastly, this court affirmed a carrying a handgun without a license conviction of a back seat passenger of a vehicle in which a handgun was found beneath the back seat. *Ferrell v. State*, 656 N.E.2d 839 (Ind.Ct.App. 1995). As in the present case, there were two passengers in the back seat, but only one handgun. The *Ferrell* court relied upon *Hoffman* and *Woods* to conclude that "[c]onstructive possession may be inferred even when the defendant's control is not exclusive and circumstantial evidence points to the defendant's knowledge of the presence of a weapon." *Id.* at 842. The court held that the evidence was sufficient to support a conclusion that Ferrell was armed *and* that he carried an unlicensed handgun in a vehicle. *Id.*

Thus, the same circumstantial evidence can be sufficient to establish constructive possession of an unlicensed handgun, to support an inference of actual possession of the weapon, or to prove a charge of carrying an unlicensed handgun in a vehicle. In the latter case, the evidence would be supporting an inference that the defendant knew of the presence of the handgun, whether the defendant's control over the vehicle or weapon was exclusive or non-exclusive. As such, we see little meaningful distinction between these permissive inferences and holding that carrying an unlicensed handgun can be established

---

6. "We cannot discern a reasonable basis for condoning the unlicensed *possession* of a handgun while imposing criminal sanctions for the same conduct if coupled with ambulation." *Id.* (emphasis added).

by showing constructive possession of the weapon. While we disagree with the reasoning in *Cole* and *Walker*, the same results could have been reached in those cases by concluding that the evidence was insufficient to support a finding that the defendants were in constructive possession of the handguns.

 Even were we to agree with *Cole* and *Walker*, we would still conclude in the present case that the trial court should not have granted the defendants' motion for judgment on the evidence. The same evidence which may establish constructive possession may also have supported an inference that either or both defendants were armed or that they had knowledge of the presence and nature of the handgun. Because the State presented evidence which supported an inference that the defendants either constructively possessed, actually possessed, or knew of the presence and nature of the handgun, the trial judge should not have granted the motion for judgment on the evidence.

When a defendant has been acquitted and the State appeals a reserved question of law, only questions of law are considered by this court, as a way to furnish guidance to trial courts in future cases. *McKissack*, 625 N.E.2d at 1248. When a trial judge grants a judgment to the defendant, even when he errs in applying the law, that judgment acts as an acquittal and bars a second trial. *Smalis v. Pennsylvania*, 476 U.S. 140, 106 S.Ct. 1745, 90 L.Ed.2d 116 (1986). Therefore, we are unable to remand this case for retrial.

DARDEN and NAJAM, JJ., concur.