v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A02–9802–JV–205.

Court of Appeals of Indiana.

June 17, 1998.

Patricia Caress McMath, Indianapolis, for Appellant–Defendant.

Jeffrey A. Modisett, Attorney General, K.C. Norwalk, Deputy Attorney General, Indianapolis, for Appellee–Plaintiff.

## OPINION

MATTINGLY, Judge.

D.C.C. appeals his adjudication as a delinquent child for carrying a handgun without a license, a Class A misdemeanor when committed by an adult. He raises a single issue on appeal: whether the evidence was sufficient to support the trial court's finding of delinquency when a handgun was found under the seat where the defendant was a passenger; the gun was far enough back under the seat that it could not be seen by the passenger in that seat; and there was no evidence the defendant ever had the gun on his person.

We reverse and remand.

### FACTS

The facts most favorable to the judgment are that on October 26, 1997, an officer of the Indianapolis Police Department responded to a call that shots had been fired at an under–21 nightclub. When the officer arrived, the situation was under control, and people were leaving the parking lot. The officer pulled over a car that was leaving the parking lot of the night club because it was 1:00 a.m. and the car did not have its headlights on. The driver of the car was 17 years old and the appellant D.C. C., the passenger, was 14.

The officer saw an open bottle of cognac on the front seat between D.C.C. and the driver, so he arrested both for curfew violation and possession of alcohol by a minor. Another police officer searched the car and found a gun under D.C.C.'s seat. The gun was positioned so far under the seat that it could not be seen by a passenger in that seat.

The State filed an information alleging D.C.C. was a delinquent child based on the three offenses. After a hearing, D.C.C. was adjudicated a delinquent child.

### DISCUSSION AND DECISION

■ Indiana Code section 35–47–2–1 states in pertinent part: " a person shall not carry a handgun in any vehicle or on or about his person ... without a license issued under this chapter being in his possession." To support a conviction of carrying an unlicensed handgun in a vehicle, the State is required to prove that the defendant had control over the automobile, knowledge of the gun's presence, and an intent to transport the weapon. *Ferrell v. State*, 656 N.E.2d 839, 842 (Ind.Ct.App.1995). One commits the offense of carrying a handgun without a license when the evidence demonstrates that the weapon is on his person. *Id.* Constructive possession [1] may be inferred even when the defendant's control is not exclusive, but circumstantial evidence points to the defendant's knowledge of the presence of a weapon. *Id.*

In *Ferrell*, we found sufficient circumstantial evidence to support an inference of constructive possession. A witness to a shooting incident saw Ferrell carrying a pistol during the incident. Approximately twenty minutes later, police responded to a call which reported that a red Cadillac had been involved. An officer then stopped an automobile matching the description only blocks away from the

scene of the shooting. After ordering Ferrell from the back seat, the officer seized a pistol from beneath the seat in a location within Ferrell's reach. We determined that this evidence permitted the fact finder to conclude that Ferrell was armed and that he discarded the handgun under the seat prior to the police stop of the automobile. Thus, the evidence was sufficient to support the trial court's determination that Ferrell carried an unlicensed handgun in a vehicle. 656 N.E.2d at 842.

Similarly, in *Hoffman v. State*, 520 N.E.2d 436, 438 (Ind.1988), our supreme court found sufficient evidence to support a jury verdict that the defendant was guilty of carrying a handgun without a license. There, police stopped a car because it matched the description of a car which had been involved in an attempted burglary a few days earlier. Police found three loaded guns—one under each occupant's seat. This, the court held, "was evidence from which the jury could conclude that each man was armed and that each discarded the weapon under the seat at the time officers required them to leave the vehicle." *Id.*

■ Here, by contrast, there is no circumstantial evidence which points to D.C.C.'s knowledge of the presence of a weapon. The car in which D.C.C. was a passenger was stopped because it was leaving a parking lot after dark without its headlights on. The gun was in a position under D.C.C.'s seat where it could not be seen by the passenger in that seat. There is no evidence that D.C.C. had been seen carrying a gun shortly before he was stopped, as in *Ferrell*, or that D.C.C. had previously been engaged in other criminal activity, as in *Hoffman*. Because of the absence of circumstantial evidence that D.C.C. knew there was a gun under his seat,

---

1. We note that there is disagreement among panels of this court regarding whether constructive possession can serve as a basis for a finding that a defendant was "carrying" a handgun. *See, e.g., State v. Hill*, 688 N.E.2d 1280, 1283 (Ind.Ct.App. 1997), *reh'g denied, trans. denied* (constructive possession sufficient); *Cole v. State*, 588 N.E.2d 1316, 1318–19 (Ind.Ct.App.1992) (constructive possession insufficient, because the prohibited conduct is not *possession*, but rather having the

unlicensed handgun on one's person). The State argues only that D.C.C. had constructive possession of the gun, and does not acknowledge in its brief any of our decisions which have determined that actual possession is required.

Because we find there was not sufficient evidence here to support a finding of even constructive possession, we need not address whether actual possession is required.

his constructive possession of the gun cannot be inferred.

## CONCLUSION

The evidence before the trial court was insufficient to support its finding that D.C.C. was carrying a handgun without a license. The delinquency adjudication is reversed and the cause is remanded for a new dispositional hearing.

DARDEN and FRIEDLANDER, JJ., concur.