## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 27 2015, 9:01 am

CLERK
of the supreme court,
court of appeals and
tax court

| ATTORNEY FOR APPELLANT | ATTORNEYS FOR APPELLEE |
|---|---|
| Timothy J. Burns | Gregory F. Zoeller |
| Indianapolis, Indiana | Attorney General of Indiana |
| | Richard C. Webster |
| | Deputy Attorney General |
| | Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Collin McAllister, | October 27, 2015 |
| *Appellant-Defendant,* | Court of Appeals Case No. 49A04-1502-CR-00081 |
| v. | Appeal from the Marion Superior Court |
| State of Indiana, | The Honorable Rebekah Pierson-Treacy, Judge |
| *Appellee-Plaintiff* | Trial Court Cause No. 49G19-1410-CM-046717 |

**Vaidik, Chief Judge.**

# Case Summary

After a police officer stopped a car in which Collin McAllister was riding as the front-seat passenger, McAllister — who was free to leave — voluntarily told the officer that he was "probably about to go to jail . . . because there's a gun underneath the front seat." A gun was indeed found beneath the front seat of the car, and McAllister did not have a license to carry a handgun. We find that McAllister's knowledge of and proximity to the gun is sufficient evidence to establish his constructive possession, and thus we affirm his conviction for Class A misdemeanor carrying a handgun without being licensed.

# Facts and Procedural History

One afternoon in October 2014, Indianapolis Metropolitan Police Department Officer Ethan Forrest was patrolling the area of South Madison Avenue and Southport Road when he saw a car with passengers not wearing seatbelts. In addition to the driver, there was a front-seat passenger and one back-seat passenger. Officer Forrest ran the car's license plate and learned that the driver's license was suspended. The officer activated his emergency lights, and the car came to a stop in a residential driveway on Tulip Drive, where the car's front-seat passenger, Collin McAllister, lived. Officer Forrest allowed McAllister to leave the car, and he and his father, who had come outside, began walking away from the car, toward their house.

[3] Then McAllister stopped and asked Officer Forrest if he could speak with him. McAllister said, "Officer Forrest I'm probably about to go to jail." Tr. p. 12. When the officer asked him why, McAllister responded, "I'm going to go to jail because there's a gun underneath the front seat." *Id.* Officer Forrest recovered a Cobra .380 semi-automatic pistol, with serial number 05822, from beneath the front-passenger seat, where McAllister had been sitting. The officer determined that McAllister did not have a valid handgun license. Thereafter, Officer Fritsche of the IMPD photographed the gun and then gave it to Officer Cook, IMPD, who took it to the property room.

[4] The State charged McAllister with Class A misdemeanor carrying a handgun without a license. *See* Appellant's App. p. 13. During the bench trial, Defense counsel objected to the admission of the gun into evidence, arguing that there was a chain-of-custody problem. Specifically, Officer Cook had testified that the box in which the gun was kept in the property room was not in the same condition as when he submitted it — the red tape had been removed from the box and replaced with yellow tape. The trial court overruled the objection, allowed the admission of the gun, and found McAllister guilty as charged.

[5] McAllister now appeals his conviction.

# Discussion and Decision

[6] On appeal McAllister contends that the evidence is insufficient to sustain his conviction for Class A misdemeanor carrying a handgun without being

licensed. Our standard of reviewing claims of sufficiency of the evidence is well settled. When reviewing the sufficiency of the evidence, we consider only the probative evidence and reasonable inferences supporting the verdict. *Boggs v. State*, 928 N.E.2d 855, 864 (Ind. Ct. App. 2010), *trans. denied*. We do not reweigh the evidence or assess witness credibility. *Id.* We consider conflicting evidence most favorably to the trial court's ruling. *Id.* We will affirm the conviction unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. *Id.* It is not necessary that the evidence overcome every reasonable hypothesis of innocence. *Id.* The evidence is sufficient if an inference may be reasonably drawn from it to support the verdict. *Id.* A conviction may be based upon circumstantial evidence alone. *Id.*

[7] In order to convict McAllister of Class A misdemeanor carrying a handgun without being licensed, the State was required to prove beyond a reasonable doubt that he carried a handgun in a vehicle or on or about his body without being licensed to do so. *See* Ind. Code § 35-47-2-1(a), (e). To prove that the defendant had control of the weapon, the State may present evidence of actual or constructive possession. *Grim v. State*, 797 N.E.2d 825, 831 (Ind. Ct. App. 2003). Actual possession occurs when a person has direct physical control over the item. *Henderson v. State*, 715 N.E.2d 833, 835 (Ind. 1999). Constructive possession occurs when an individual has the intent and capability to maintain dominion and control over the item. *Id.* Suggesting that knowledge is a key

element in proving intent, our Supreme Court has repeatedly enunciated the following rule:

> When constructive possession is asserted, the State must demonstrate the defendant's knowledge of the contraband. This knowledge may be inferred from either the exclusive dominion and control over the premise[s] containing the contraband or, if the control is non-exclusive, evidence of additional circumstances pointing to the defendant's knowledge of the presence of the contraband.

*Grim*, 797 N.E.2d at 831 (quoting *Woods v. State*, 471 N.E.2d 691, 694 (Ind. 1984)). Proof of dominion and control over contraband has been found through a variety of means: (1) incriminating statements by the defendant, (2) attempted flight or furtive gestures, (3) location of substances like drugs in settings that suggest manufacturing, (4) proximity of the contraband to the defendant, (5) location of the contraband within the defendant's plain view, and (6) the mingling of contraband with other items owned by the defendant. *Henderson*, 715 N.E.2d at 836.

[8] Here, the gun was found beneath the front passenger seat, where McAllister had been sitting. Most significant, however, is McAllister's unambiguous knowledge that the gun was there, and his incriminating statement to Officer Forrest that he was "probably about to go to jail . . . because there's a gun underneath the front seat." Tr. p. 12. This is sufficient to establish McAllister's constructive possession of the gun — that he had the intent and capability to maintain control and dominion over it. *See Henderson*, 715 N.E.2d at 835.

McAllister's other proposed scenarios and interpretations of McAllister's statement to Officer Forrest — "[I]t could have been that [McAllister], being concerned for Officer Forrest's safety, motivated him to inform of the gun to Officer Forrest[,]" Appellant's Br. p. 7 — are simply requests for us to reweigh the evidence, which we cannot do. We find the evidence is sufficient to support McAllister's conviction.[1]

Affirmed.

Robb, J., and Pyle, J., concur.

---

[1] McAllister in his appellate brief also "mentions the chain of custody issue only because trial counsel made the record by objection." Appellant's Br. p. 9. He then concedes that Officer Cook "identified the firearm as the one he retrieved from the vehicle" and points out that any chain-of-custody argument would go to the weight of the evidence and not its admissibility. *Id.* (citing *Gambill v. State*, 479 N.E.2d 523 (Ind. 1985)). Although he has effectively waived this issue by failing to develop a cogent argument, we note that Officer Cook's testimony as to the make, model, and serial number of the gun – a non-fungible item – coupled with his retrieval of the gun from the evidence room, where it was located in a box with a property sheet that included the name of the submitting officer, McAllister's name, and the date of arrest, was sufficient to establish that this was the same gun confiscated during the traffic stop.