## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 20 2019, 10:13 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Kelly Starling
Marion County Public Defender Agency
Appellate Division
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Samantha M. Sumcad
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Bryant Edwards,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | September 20, 2019<br><br>Court of Appeals Case No.<br>19A-CR-757<br><br>Appeal from the Marion Superior Court<br><br>The Honorable Linda E. Brown, Judge<br>The Honorable Steven J. Rubick, Magistrate<br><br>Trial Court Cause No.<br>49G10-1805-CM-17445 |

**Bradford, Judge.**

# Case Summary

[1] Bryant Edwards was charged with and convicted of Class A misdemeanor carrying a handgun without a license after he was observed sitting in the driver's seat of a vehicle with a handgun stuck between his seat and the center console, resting against his leg. On appeal, he contends that the evidence is insufficient to prove that he possessed the handgun. We affirm.

# Facts and Procedural History

[2] On May 29, 2018, Edwards's girlfriend, Christy Mays, parked her vehicle outside Davion Adams's residence. Edwards, who claimed not to be feeling well, remained in the vehicle, sitting alone in the driver's seat. At some point after Edwards had been sitting alone in the vehicle for a few hours, Adams arrived at the residence and went to sit in the passenger seat of the vehicle with Edwards. Shortly thereafter, police arrived at the residence to serve a warrant on Adams for an unrelated case.

[3] Indianapolis Metropolitan Police Officer Dustin Carmack approached the passenger side of the vehicle and observed through the open window that there was a handgun wedged between the driver's seat and the center console. The handgun was resting against Edwards's leg and had an extended magazine that protruded upwards approximately six inches.

[4] Edwards remained calm while the officers struggled to arrest Adams. He complied with the officer's requests and was handcuffed without incident.

During a subsequent search of the vehicle, officers found a pill bottle belonging to Edwards and items belonging to Mays in the center console of the vehicle. Mays indicated that there had been no firearm placed between the driver's seat and the center console of her vehicle when she drove it to Adams's residence earlier that day.

[5] On May 31, 2018, the State charged Edwards with Class A misdemeanor carrying a handgun without a license and Class B misdemeanor possession of marijuana. Following the State's presentation of evidence at the November 20, 2018 bench trial, Edwards moved for an involuntary dismissal of both counts pursuant to Indiana Trial Rule 41(B). The trial court granted the motion with regard to the possession-of-marijuana charge. The trial court then bifurcated the trial and requested that the parties submit briefs on the issue of whether the State had met its burden in proving the Class A misdemeanor handgun charge. After reviewing the parties' briefs, the trial court denied Edwards's motion. The trial court subsequently found Edwards guilty of Class A misdemeanor carrying a handgun without a license and sentenced him 356 days. The trial court awarded Edwards credit for time served, suspended the remainder of the sentence, and imposed ninety days of non-reporting probation.

# Discussion and Decision

[6] Edwards contends that the evidence is insufficient to sustain his conviction for Class A misdemeanor carrying a handgun without a license. Our standard of review for challenges to the sufficiency of the evidence is well-settled. *Bell v.*

*State*, 31 N.E.3d 495, 499 (Ind. 2015). "We do not reweigh the evidence or assess the credibility of witnesses in reviewing a sufficiency of the evidence claim." *Id.* Conflicting evidence is considered "in the light most favorable to the trial court's finding." *Gray v. State*, 957 N.E.2d 171, 174 (Ind. 2011). This is because the factfinder, and not the appellate court, "is obliged to determine not only whom to believe, but also what portions of conflicting testimony to believe, and is not required to believe a witness's testimony even when it is uncontradicted." *Perry v. State*, 78 N.E.3d 1, 8 (Ind. Ct. App. 2017) (internal quotation and brackets omitted). On appeal, we "look to the evidence and reasonable inferences drawn therefrom that support the verdict and will affirm the conviction if there is probative evidence from which a reasonable fact-finder could have found the defendant guilty beyond a reasonable doubt." *Bell*, 31 N.E.3d at 499.

[7]     In challenging the sufficiency of the evidence to sustain his conviction, Edwards argues that the State failed to prove that he possessed the handgun. The Indiana Supreme Court has held that possession may be either actual or constructive. *Gray*, 957 N.E.2d at 174. "Actual possession occurs when a person has direct physical control over the item." *Henderson v. State*, 715 N.E.2d 833, 835 (Ind. 1999). "Constructive possession occurs when somebody has the intent and capability to maintain dominion and control over the item." *Id.* (internal quotation omitted).

> When constructive possession is asserted, the State must
> demonstrate the defendant's knowledge of the contraband. This

> knowledge may be inferred from either the exclusive dominion
> and control over the premise containing the contraband or, if the
> control is non-exclusive, evidence of additional circumstances
> pointing to the defendant's knowledge of the presence of the
> contraband.

*Woods v. State*, 471 N.E.2d 691, 694 (Ind. 1984) (internal citations omitted).

> Proof of dominion and control of contraband has been found
> through a variety of means: (1) incriminating statements by the
> defendant, (2) attempted flight or furtive gestures, (3) location of
> substances like drugs in settings that suggest manufacturing, (4)
> proximity of the contraband to the defendant, (5) location of the
> contraband within the defendant's plain view, and (6) the
> mingling of the contraband with other items owned by the
> defendant.

*Henderson*, 715 N.E.2d at 836 (internal citation omitted).

[8] In this case, the State presented evidence that the handgun was in close proximity to Edwards, that the handgun was located within Edwards's plain view, and that it was co-mingled with other items belonging to Edwards. It is undisputed that the handgun was in close proximity to Edwards and Officer Carmack testified that it was touching Edwards's thigh. In addition to its close proximity to Edwards, the handgun was in plain view with its extended magazine protruding upwards approximately six inches. Further, while it is undisputed that the vehicle in which Edwards was sitting belonged to his girlfriend, a pill bottle belonging to Edwards was found near the handgun in the center console of the vehicle. These facts are sufficient to support the inference that Edwards had knowledge of and constructively possessed the handgun.

Further, to the extent that Edwards argues that the evidence demonstrates that Adams admitted that the handgun belonged to him, the evidence also demonstrates that Adams denied that the handgun belonged to him. The trial court, acting as the trier-of-fact, was in the best position to judge the credibility of the evidence and determine which statements to believe. *See Perry*, 78 N.E.3d at 8.

[9] The judgment of the trial court is affirmed.

Vaidik, C.J., and Riley, J., concur.