**James E. DOSS, Appellant**
**(Defendant Below),**

v.

**STATE of Indiana, Appellee**
**(Plaintiff Below).**

No. 4–284 A 37.

Court of Appeals of Indiana,
Fourth District.

Sept. 27, 1984.

Ordered Published Nov. 9, 1984.

Barry L. Standley, Evansville, for appellant.

Linley E. Pearson, Atty. Gen., Amy Schaeffer Good, Deputy Atty. Gen., Indianapolis, for appellee.

YOUNG, Judge.

James E. Doss was convicted after a jury trial of dealing in a sawed-off shotgun, a Class D felony under IND.CODE 35–47–5–4(a) (Supp.1983).[1] On appeal, he argues that the trial court erred (1) in its instruction defining possession and (2) in sending

---

1. This subsection states, "A person who ... (6) gives, lends, or possesses ... any sawed-off shotgun commits dealing in a sawed-off shotgun, a Class D felony." A sawed-off shotgun is a shot- gun "having one or more barrels less than eighteen inches in length" or having an overall length, as modified, of less than twenty-six inches. IC 35–47–1–10 (Supp.1983).

all written instructions to the juryroom in response to the jury's request for the instruction defining possession. Because we find the trial court erroneously instructed the jury, we need address only the first of these issues.

We reverse.

At trial, both Doss and the state tendered instructions defining possession. Both instructions defined possession in terms of custody or control over a corporeal thing. The state's instruction, however, unlike Doss's, did not state that possession requires a *knowing* exercise of control.[2] The trial court rejected Doss's instruction and gave the state's. Doss argues that, because the term "possession" includes only the knowing exercise of control over an object, his tendered instruction should have been given instead of the state's. We agree.

 Because the term "possession," as used in IC 35–47–5–4, is nowhere defined in our criminal code, we must presume the legislature intended it to have its plain, ordinary meaning. *Brook v. State,* (1983) Ind.App., 448 N.E.2d 1249. According to Black's Law Dictionary 1047 (rev. 5th ed. 1979):

> The law, in general, recognizes two kinds of possession: actual possession and constructive possession. A person who *knowingly* has direct physical control over a thing, at a given time, is then in actual possession of it. A person, who although not in actual possession, *knowingly* has both the power and the intention at a given time to exercise dominion or control over a thing, either directly or through another person or persons, is then in constructive possession of it.

(Emphasis added). *See Fyock v. State,* (1982) Ind., 436 N.E.2d 1089 (constructive possession requires knowledge of object's presence and nature). In light of this definition, we hold that the term "possession" as used in IC 35–47–5–4 means knowing

control or custody. Thus, the trial court erred in giving, over Doss's objection, the state's instruction defining possession to include any control or custody, knowing or unknowing, over a corporeal object.

In doing so, the trial court provided the jury with a materially incorrect definition of the most important element of the crime with which Doss was charged. Thus, this case is distinguishable from those in which an undisputed element of the crime was omitted from the instructions. *E.g., Headlee v. State,* (1929) 201 Ind. 545, 168 N.E. 692; *see Elliott v. State,* (1983) Ind.App., 450 N.E.2d 1058. The importance of the court's instruction defining possession in this case is shown by the fact that, during deliberations, the jury asked the court to send this single instruction into the juryroom. On these facts, we cannot conclude that the court's error in defining possession was harmless or that it did not affect the jury's verdict.

The trial court's judgment is accordingly reversed.

MILLER, P.J., and CONOVER, J., concur.

---

**2.** The state's instruction read as follows: "The term 'possession' is defined as custody or control or power to exercise dominion and control over and [sic] corporeal thing." Doss's tendered instruction stated: "Possession is defined as that condition of facts under which one knowingly exercises his power over a corporeal thing-that is to say an object of material existence-at his pleasure to the exclusion of all other persons."