**Jerry Leneille COLE, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff,**

No. 49A02–9101–CR–6.

Court of Appeals of Indiana, Second District.

March 30, 1992.

William L. Soards, Soards & Fruechtenicht, Indianapolis, for appellant-defendant.

Linley E. Pearson, Atty. Gen., Richard C. Webster, Deputy Atty. Gen., Indianapolis, for appellee-plaintiff.

SHIELDS, Judge.

Jerry Leneille Cole appeals his convictions for robbery, a class B felony,[1] criminal confinement, a class B felony,[2] and carrying a handgun without a license, a class A misdemeanor.[3]

We affirm the robbery and confinement convictions; we reverse the handgun conviction.

### ISSUE

Whether the evidence is sufficient to support Cole's convictions.

### FACTS

Around 2:30 a.m. on February 13, 1990, James Walker, the associate manager of

---

**1.** IC 35–42–5–1 (1988).

**2.** IC 35–42–3–3 (1991 Supp.).

**3.** IC 35–47–2–1, 35–47–2–23 (1988).

the Red Lobster restaurant located at 1752 Shadeland Avenue in Indianapolis, exited the Red Lobster through the front door and proceeded to the parking lot located to the rear of the restaurant. Two men appeared from behind a dumpster; both had cloth material covering their faces. One man, identified by Walker as Michael Nance, a former employee, produced a gun and told Walker it was a holdup and he would be shot if he did not cooperate. The three men entered the restaurant where Walker was forced at gun-point to open the office safe. After Walker opened the safe, Cole restrained him with an apron.

After Cole and Nance left, Walker untied himself and exited the restaurant through the back door. Walker went to the front of the building where he saw Cole and Nance standing in the restaurant lobby. Cole and Nance ran from the building and into a field near the Red Lobster. Cole dropped the money bag from the safe as he ran. Walker retrieved the money bag, called 911 to report the crime, and gave the police dispatcher a description of Cole and Nance.

Around 3:00 a.m. on February 13, 1990, Officer Dale Tippitt of the Indianapolis Police Department observed a small Chevrolet car westbound on Tenth Street approach the intersection of Ritter Avenue at a high rate of speed. The Chevrolet came to an abrupt stop with its front end partially in the intersection. At that time, Tippitt observed two African–American males in the Chevrolet. The car resumed travel and as it passed Tippitt's vehicle, Tippitt made a U-turn to follow the Chevrolet. The Chevrolet turned north onto Irvington Avenue without signalling. When Tippitt also turned onto Irvington, he observed the Chevrolet stopped in the middle of the street with the driver's door open, the driver's seat empty, and Cole sitting in the front passenger seat.

Tippitt stopped his vehicle to investigate. During his investigation, Tippitt received a radio dispatch concerning the Red Lobster robbery and a description of the suspects, one of which fit the description of Cole. Tippitt arrested Cole. A revolver was discovered on the driver's side, back-seat floorboard of the Chevrolet.

Walker was brought to the scene where he identified Cole as one of the perpetrators, identified the revolver found in the Chevrolet as the handgun used in the robbery, and identified a sweat-shirt found in the Chevrolet as the garment used to cover the face of one of the perpetrators. At a line-up held the following June, and in which Cole participated, Walker misidentified Cole.

After a bench trial, Cole was convicted of robbery, criminal confinement, and carrying a handgun without a license. He was sentenced to two fifteen year terms and one two year term, all to be served concurrently.

## DISCUSSION

Cole argues the evidence is insufficient to support his convictions. When reviewing the sufficiency of the evidence, we will not reweigh the evidence nor judge the credibility of the witnesses; such is the function of the fact-finder at trial. *Hopkins v. State* (1991), Ind., 579 N.E.2d 1297, 1305. We look to the evidence most favorable to the verdict and all reasonable inferences to be drawn therefrom. *Webb v. State* (1991), Ind.App., 575 N.E.2d 1066, 1071. The conviction will be affirmed if there is evidence of probative value from which a reasonable trier of fact could infer the defendant is guilty beyond a reasonable doubt. *Id.*

■ With respect to Cole's robbery and criminal confinement convictions, he argues the evidence identifying him as the perpetrator is circumstantial and inferential, and that the evidence leads only to "conjecture, speculation and inference" that he was involved in the crime. Appellant's Brief at 9.

Walker identified Cole as one of the perpetrators shortly after the crime was committed and again at trial. Walker explained he misidentified Cole at the line-up because he was confused by Cole's longer hair; he identified a man with a shorter hair cut. Because we will not second guess the credit and weight accorded by the jury

to Walker's testimony, this evidence is sufficient to support Cole's conviction for robbery and criminal confinement.

 We agree with Cole's assertion the evidence is insufficient to sustain his conviction for carrying a handgun without a license. The offense of carrying a handgun without a license embodies the conduct of carrying a handgun in a vehicle as well as the conduct of carrying a handgun on or about one's person. *See* IC 35–47–2–1 ("a person shall not carry a handgun in any vehicle or on or about his person, ... without a license...."). The conduct of carrying an unlicensed handgun in a vehicle requires proof that an unlicensed handgun was found in a vehicle, that the defendant had control of the vehicle with knowledge of the weapon's presence, and proof of an intent to convey or transport the handgun; the conduct of carrying a handgun on or about one's person requires proof a person had an unlicensed handgun on his or her person. *See generally McAnalley v. State* (1987), Ind., 514 N.E.2d 831, 833–34; *Woods v. State* (1984), Ind., 471 N.E.2d 691, 693; *Klopfenstein v. State* (1982), Ind. App., 439 N.E.2d 1181, 1184–85.

Cole did not have control of the vehicle; he was the passenger. Further, the information charges Cole with carrying a handgun on or about his person. Therefore, the State has the burden of proving beyond a reasonable doubt that Cole had the unlicensed handgun on his person. *See McAnalley*, 514 N.E.2d at 834 ("[W]hen referring to the carrying of a handgun on or about one's person, as distinguished from carrying a handgun in a vehicle, the statute proscribes having on one's person an unlicensed handgun.").

The State relies upon *Hoffman v. State* (1988), Ind., 520 N.E.2d 436, as authority for its argument the evidence is sufficient because it proves beyond a reasonable doubt that Cole was in constructive possession of the revolver. In *Hoffman* a vehicle containing three persons was stopped by a private security guard. Police who arrived at the scene discovered three loaded guns in the vehicle, one under each seat that had been occupied by the three individuals.

The State's argument is without merit and its reliance upon *Hoffman* unavailing.[4] The instant offense is not *possessing*, either actually or constructively, an unlicensed handgun. The offending conduct is having the unlicensed handgun on one's person. *McAnalley*. While at first blush *Hoffman* appears to support the State's argument, a careful reading shows the conviction in *Hoffman* was sustained on the

---

**4.** In *Hoffman* the court, in stating that it had previously:

> recognized both actual and constructive possession of weapons. Constructive possession may be inferred even if appellant's control is nonexclusive if circumstantial evidence points to his knowledge of the presence of the weapon. *Woods v. State* (1984), Ind., 471 N.E.2d 691.

520 N.E.2d at 437–38, was acknowledging that evidence which might prove constructive possession, if the offense were possession of an unlicensed handgun, which it is not, also may be sufficient to prove the offense of carrying an unlicensed handgun in a vehicle or on or about one's person. This was the case in *Hoffman* where the circumstantial evidence that would have been sufficient to prove the offense of possession of an unlicensed handgun, were that the offense, also was·sufficient to prove the offense of carrying an unlicensed handgun on or about one's person, i.e., that at some point in time Hoffman actually had the unlicensed handgun on his person.

Similarly, in *Woods v. State* (1984), Ind., 471 N.E.2d 691, the court determined that circumstantial evidence which would be sufficient to establish constructive possession of an unlicensed handgun, were it the offense, was also sufficient to prove the charge of carrying an unlicensed handgun in a vehicle. In *Woods* the defendant was in exclusive control of the vehicle in which an unlicensed handgun was found. In considering the sufficiency of the evidence the *Woods* court stated that the "State had the burden of proving that a handgun was found in appellant's car and either he had control over the gun or he had control over the vehicle and a knowledge of the gun's presence." *Id.* at 693. The court then used the evidence that Woods was in exclusive possession of the vehicle to infer his knowledge of the gun's presence.

Thus, in *Hoffman* and *Woods* respectively, the supreme court was applying principles and language of constructive possession to determine the sufficiency of the circumstantial evidence to prove the defendant had an unlicensed handgun on his person and to determine the sufficiency of the circumstantial evidence to prove the defendant carried an unlicensed handgun in a vehicle.

theory that Hoffman had had the unlicensed handgun on his person at some point in time.

In the case at bar, a weapon was found under the seat each subject had occupied just prior to being required to exit the vehicle. This was evidence from which the jury could conclude that *each man was armed* and that each discarded the weapon under the seat at the time officers required them to leave the vehicle.

520 N.E.2d at 438 (emphasis added). Thus, the court's constructive possession discussion is explanatory only and *dicta*.

The mere evidence Cole was a passenger in the front seat of a vehicle in which a revolver was found on the driver's side floor of the back seat is, as a matter of law, insufficient to support beyond a reasonable doubt the inference that Cole once possessed the gun on his person. *See Frasier v. State* (1974), 262 Ind. 59, 312 N.E.2d 77, 79, *cert. denied* 419 U.S. 1092, 95 S.Ct. 686, 42 L.Ed.2d 686 (evidence Frasier was riding in the front passenger seat of a vehicle on which a pistol was later found does "not support, as a matter of law, an inference that beyond a reasonable doubt [Frasier] once possessed the gun."). In *Hoffman* there were three persons in the vehicle and three unlicensed handguns. Here, there were two persons in the vehicle and one unlicensed handgun. Further, the victim identified the driver of the subject vehicle as the only individual who displayed a gun.

Judgment of conviction for robbery and criminal confinement affirmed; reversed as to carrying a handgun without a license.

BUCHANAN and SULLIVAN, JJ., concur.