Dion A. WALKER, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 02A05–9308–CR–297.

Court of Appeals of Indiana,
Fifth District.

Feb. 28, 1994.

Mark E. Kiefer, Deputy Public Defender, Fort Wayne, for appellant-defendant.

Pamela Carter, Atty. Gen. of Indiana, Joseph F. Pieters, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee-plaintiff.

RUCKER, Judge.

Defendant–Appellant Dion Walker appeals his conviction of Carrying a Handgun Without a License, a Class A misdemeanor,[1] raising four issues for our review. Because one issue is dispositive we address it only, namely: whether the evidence is sufficient to sustain the conviction.

We reverse.

In the early morning hours of January 18, 1993, officers of the Fort Wayne Police Department stopped a car that matched the description of an automobile involved in an earlier shooting incident. Jerome Lewis was driving the car and Defendant Walker was sitting in the front passenger seat. After both men denied possession of any weapons, Officer Calvin Dubose shone his flashlight inside the car. He observed that the rear seat had been pulled away from its frame, exposing the inside of the trunk. Located therein was a nine-millimeter handgun. Both men were then arrested and charged with carrying a handgun without a license. After a jury trial, Walker was convicted as charged. This appeal arose in due course.

Walker contends the evidence is insufficient because at most, it only shows that he was merely present as a passenger in a car where a weapon was found. The State counters that it presented sufficient evidence of Walker's guilt because it demonstrated Walker was in constructive possession of the handgun.

When reviewing a challenge to the sufficiency of evidence our standard of re-

1. Ind.Code § 35–47–2–1.

view is well settled. We neither reweigh evidence nor judge witness credibility. *Landress v. State* (1992), Ind., 600 N.E.2d 938. Rather, we examine only the evidence most favorable to the State along with all reasonable inferences to be drawn therefrom and if there is substantial evidence to support the conviction, it will not be set aside. *Nunn v. State* (1992), Ind., 601 N.E.2d 334.

The facts in this case are similar to those in *Cole v. State* (1992), Ind.App., 588 N.E.2d 1316. In that case the defendant was charged and convicted of robbery, criminal confinement and carrying a handgun without a license. We reversed the defendant's handgun conviction. The record revealed that while investigating a car that had stopped in the middle of the street, an Indianapolis police officer received a dispatch that a robbery had just occurred. Defendant Cole, who was seated in the front passenger seat of the stopped car, matched the description of one of the robbery suspects. The Officer discovered a revolver on the driver's side of the back seat floorboard.

In defending the conviction on the gun charge the State argued, as it does here, that *Hoffman v. State* (1988), Ind., 520 N.E.2d 436, *reh'g denied*, stands for the proposition that constructive possession of a handgun is sufficient to sustain a conviction for carrying a handgun without a license. We rejected this argument in *Cole* and we do the same here. Indiana Code § 35–47–2–1 dictates in relevant part:

> [a] person shall not carry a handgun in any vehicle or on or about his person, except in his dwelling, on his property or fixed place of business, without a license....

The State is quite correct that possession can be either actual or constructive. Actual possession occurs when the defendant has direct physical control over the item. *Doss v. State* (1984), Ind.App., 470 N.E.2d 732. Constructive possession involves the intent and capability to maintain dominion and control over the contraband even though actual physical control is absent. *Jackson v. State* (1992), Ind.App., 588 N.E.2d 588. However, a discussion of actual versus constructive possession is of no help in this case because the statute here does not speak in terms of possessing a handgun. Rather, it speaks in terms of *carrying* a handgun. The proscribed conduct embodies carrying a handgun in a vehicle or carrying a handgun on or about one's person. In order to convict a defendant of carrying an unlicensed handgun in a vehicle, the State must prove that an unlicensed handgun was found in a vehicle, that the defendant had control of the vehicle with knowledge of the weapon's presence, and the defendant intended to convey or transport the handgun. *Cole*, 588 N.E.2d at 1318. On the other hand, in order to convict a defendant of carrying a handgun on or about his or her person, the State must prove that the defendant had an unlicensed handgun on his or her person. *Id.*

The information in this case charges Walker in the alternative, namely: carrying a handgun on or about his person or in a vehicle. However, there is no evidence Walker had control over the vehicle in which the handgun was found. Walker was neither driving the car nor was he the car's owner. Thus, the State failed to prove an essential element necessary for a conviction based on carrying an unlicensed handgun in a vehicle. *See Cole*, 588 N.E.2d at 1318. In like fashion, the State failed to prove beyond a reasonable doubt that Walker had the unlicensed handgun on his person. The record reveals the nine-millimeter handgun was found behind the rear seat in the trunk. The mere evidence that Walker was a passenger in the front seat of a vehicle in which a handgun was found behind the rear seat in the trunk on the passenger side is, as a matter of law, insufficient to support beyond a reasonable doubt the inference that Walker at one time carried the gun on his person.

Because we have found the evidence insufficient to sustain the jury's verdict of guilty, the double jeopardy clause precludes Walker's retrial. *Holmes v. State* (1991), Ind.App. 583 N.E.2d 180.

Judgment reversed.

SHARPNACK, C.J., and BARTEAU, J., concur.