**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**STEVEN KNECHT**
Vonderheide & Knecht, P.C.
Lafayette, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ERIC P. BABBS**
Deputy Attorney General
Indianapolis, Indiana



FILED

Feb 20 2012, 9:08 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| MATTHEW WEITZEL, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 08A05-1107-CR-336 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE CARROLL SUPERIOR COURT
The Honorable Kurtis G. Fouts, Judge
Cause No. 08D01-1004-FD-50

**February 20, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**VAIDIK, Judge**

## Case Summary

Matthew Weitzel appeals his conviction for Class D felony possession of methamphetamine. Weitzel contends there is insufficient evidence to support his conviction because the State failed to prove that he had either actual or constructive possession of the methamphetamine. The State sufficiently proved the elements of possession of methamphetamine, including actual possession. We therefore affirm Weitzel's conviction.

## Facts and Procedural History

The facts most favorable to the verdict are that on April 21, 2010, a naked man presumed to be Weitzel ran from the home of his father, Rick Weitzel ("Rick"), to the neighboring property of Sharon Stevenson. Stevenson's property had a detached garage and a separate shed. Stevenson saw Weitzel run across her property and go behind the shed. Charles Beck's property was on the other side of Stevenson's property, and he saw Weitzel beside Stevenson's garage. Next to the garage was a pile of clothing including a pair of khaki shorts with a wallet containing Weitzel's driver's license and a prescription bottle with Weitzel's name on it. Beck saw Weitzel rummaging through the pile of clothing and "pull[] something out of the clothes." Tr. p. 17. Weitzel then ran to the shed behind the garage and went inside the shed.

Stevenson called Rick and told him that someone from his house was naked and running around her property. Rick came over and escorted his son, Weitzel, back to his house. Beck called the Carroll County Sheriff's Department to report the incident.

2

When the police arrived, an investigation revealed that there was a red metal canister in a burrow underneath but still visible from outside the shed. The canister contained a baggie with a whitish powdery substance that appeared to be methamphetamine and later field-tested positive for methamphetamine.

Carroll County Sheriff's Department Deputies Spencer Kingery and Tony Liggett went to Rick's house and spoke with Weitzel. Weitzel's demeanor was described as jittery and he had red, watery eyes and a blank stare. *Id.* at 23. Deputy Liggett asked Weitzel when he had last used methamphetamine and Weitzel said it had been "at least four or five hours ago." *Id.* at 38.

The State charged Weitzel with Count I: Class D felony possession of methamphetamine, Count II: Class C misdemeanor public nudity, and Count III: habitual substance offender status. Count II was dismissed, and Count I was tried before a jury on May 24, 2011. At the conclusion of the State's case, Weitzel moved for a directed verdict, that is, a judgment on the evidence, which was denied. Appellant's App. p. 26. The jury found Weitzel guilty of possession of methamphetamine.

A bench trial was held on Count III, and Weitzel moved for a "directed verdict," which the trial court granted.[1] A sentencing hearing was held on June 22, 2011, and the trial court sentenced Weitzel to three years in the Department of Correction. *Id.* at 42-43.

Weitzel now appeals.

---

[1] We note that a motion for judgment on the evidence under Trial Rule 50 is improper at a bench trial. *Plesha v. Edmonds*, 717 N.E.2d 981, 985 (Ind. Ct. App. 1999). Because the habitual offender count was tried before the court without a jury, Weitzel's motion was a motion for involuntary dismissal under Trial Rule 41. *See id.*

## Discussion and Decision

Our standard of review with regard to sufficiency claims is well settled. In reviewing a sufficiency of the evidence claim, this Court does not reweigh the evidence or judge the credibility of the witnesses. *Bond v. State*, 925 N.E.2d 773, 781 (Ind. Ct. App. 2010), *reh'g denied*, *trans. denied*. We consider only the evidence most favorable to the verdict and the reasonable inferences draw therefrom and affirm if the evidence and those inferences constitute substantial evidence of probative value to support the verdict. *Id.* Reversal is appropriate only when a reasonable trier of fact would not be able to form inferences as to each material element of the offense. *Id.*

Class D felony possession of methamphetamine occurs when the defendant "without a valid prescription or order of a practitioner acting in the course of the practitioner's professional practice, knowingly or intentionally possesses methamphetamine (pure or adulterated) . . . ." Ind. Code § 35-48-4-6.1(a). A conviction for possession of contraband may rest upon proof of either actual or constructive possession. *Washington v. State*, 902 N.E.2d 280, 288 (Ind. Ct. App. 2009), *trans. denied*. Actual possession occurs when a person has direct physical control over the substance, *Walker v. State*, 631 N.E.2d 1, 2 (Ind. Ct. App. 1994), and that actual possession does not need to exist at the exact time as the law enforcement's discovery of the contraband. *Wilburn v. State*, 442 N.E.2d 1098, 1101 (Ind. 1982). Constructive possession, on the other hand, occurs when the defendant has both (1) the intent and (2) the capability to maintain dominion and control over the subject contraband. *Atwood v. State*, 905 N.E.2d 479, 484 (Ind. Ct. App. 2009), *trans. denied*.

Weitzel contends that the State failed to show that he had either actual or constructive possession of the methamphetamine. Finding that the State provided sufficient evidence of Weitzel's actual possession of methamphetamine, we disagree.

The evidence at trial indicated that Weitzel had used and therefore possessed methamphetamine earlier in the day, Tr. p. 38, and that when he was questioned by police, his demeanor was "jittery," he had red, watery eyes, and he had a blank stare. *Id.* at 23. Additionally, viewing the evidence in the light most favorable to the verdict, it was also reasonable that the jury could infer that Weitzel was the naked man and that he did have actual possession of the methamphetamine found beneath Stevenson's shed. Stevenson saw Weitzel go behind her shed where the methamphetamine was found, Beck specifically saw Weitzel remove an object from the clothing beside the garage and run to the shed, and the methamphetamine was found in a burrow beneath the shed. *Id.* at 17-18, 60-61. Further, the pile of clothing found by the shed contained a prescription bottle with Weitzel's name on it, along with a wallet containing Weitzel's driver's license. Taking all of this evidence together, the jury could reasonably infer that the methamphetamine found was Weitzel's and that he moved the methamphetamine from his clothing to the shed.

This evidence is sufficient to support Weitzel's conviction for possession of methamphetamine. We therefore affirm the trial court.

Affirmed.

ROBB, C.J., and NAJAM, J., concur.