**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**DEBORAH MARKISOHN**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RICHARD WEBSTER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| MARK BAILEY, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A05-1110-CR-541 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Shatrese M. Flowers, Master Commissioner
Cause No. 49G14-1107-FD-46546

**May 9, 2012**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**VAIDIK, Judge**

**Case Summary**

Mark Bailey appeals his conviction for Class D felony possession of cocaine. Bailey contends there is insufficient evidence to support his conviction because the State failed to prove that he had either actual or constructive possession of the cocaine. The State sufficiently proved the elements of possession of cocaine, including actual possession. We therefore affirm Bailey's conviction.

**Facts and Procedural History**

On June 29, 2011, Indianapolis Metropolitan Police Department Officers Wanda Perry and Justin Musser received a dispatch of a robbery in progress at 4505 South Harding Street. They were advised that the suspect was leaving the scene in a red and white pick-up truck with a silver stripe accompanied by another male. Officers Perry and Musser responded, and when they arrived at the location, they observed a pick-up truck leaving the scene that they thought matched the description. They stopped the vehicle and approached with their weapons drawn. They ordered the three occupants of the truck to raise their hands. The driver and female passenger complied, but Bailey, who was sitting in the passenger's seat, did not. Officer Musser continued to order Bailey to raise his hands until Bailey finally complied.

Officer Perry ordered the driver and the female passenger out of the truck, after which she handcuffed them and sat them on the curb. Officer Musser ordered Bailey to exit the passenger's side, but Bailey could not get the door open. Officer Musser told Bailey that he was going to have to climb out the window and that once he did, Officer Musser was going to put him straight on the ground. Officer Musser checked the area to

2

make sure there was nothing present that could injure Bailey, and he saw nothing on the ground.

After Bailey came out of the window, Officer Musser handcuffed him and patted him down for weapons. Officer Musser then rolled Bailey onto his left side; after he rolled Bailey over, he saw a clear plastic baggie containing a white powdery substance on the ground where Bailey had been laying. The white substance was later tested and determined to be 0.2864 grams of cocaine.

The State charged Bailey with Class D felony possession of cocaine. A jury trial was held, and at trial, Officer Musser testified that he actually saw the bag of cocaine fall from Bailey's clothing when he rolled him over. Tr. p. 71. Bailey was found guilty as charged. The trial court sentenced Bailey to 1000 days at the Indiana Department of Correction.

Bailey now appeals.

**Discussion and Decision**

Our standard of review with regard to sufficiency claims is well settled. In reviewing a sufficiency of the evidence claim, this Court does not reweigh the evidence or judge the credibility of the witnesses. *Bond v. State*, 923 N.E.2d 773, 781 (Ind. Ct. App. 2010), *reh'g denied*, *trans. denied*. We consider only the evidence most favorable to the verdict and the reasonable inferences draw therefrom and affirm if the evidence and those inferences constitute substantial evidence of probative value to support the verdict. *Id.* Reversal is appropriate only when a reasonable trier of fact would not be able to form inferences as to each material element of the offense. *Id.*

Class D felony possession of cocaine occurs when the defendant "without a valid prescription or order of a practitioner acting in the course of the practitioner's professional practice, knowingly or intentionally possesses cocaine (pure or adulterated) . . . ." Ind. Code § 35-48-4-6(a). A conviction for possession of contraband may rest upon proof of either actual or constructive possession. *Washington v. State*, 902 N.E.2d 280, 288 (Ind. Ct. App. 2009). Actual possession occurs when a person has direct physical control over the substance, *Walker v. State*, 631 N.E.2d 1, 2 (Ind. Ct. App. 1994), and that actual possession does not need to exist at the exact time as the law enforcement's discovery of the contraband, *Wilburn v. State*, 442 N.E.2d 1098, 1101 (Ind. 1982). Constructive possession, on the other hand, occurs when the defendant has both (1) the intent and (2) the capability to maintain dominion and control over the subject contraband. *Atwood v. State*, 905 N.E.2d 479, 484 (Ind. Ct. App. 2009).

Bailey contends that the State failed to show that he had either actual or constructive possession of the cocaine. Finding that the State provided sufficient evidence of Bailey's actual possession of cocaine, we disagree.

At trial, Officer Musser testified that he checked the ground before Bailey was removed from the truck and the area was clear. After Officer Musser rolled Bailey onto his side, he saw the bag of cocaine on the ground where Bailey had been laying. Tr. p. 54. On cross-examination, Officer Musser also testified that he saw the cocaine fall from Bailey's clothing onto the ground. *Id.* at 71. Taking this evidence together, the jury could reasonably infer that the cocaine found came from Bailey's clothing and was therefore in his actual possession.

4

This evidence is sufficient to support Bailey's conviction for possession of cocaine. We affirm the trial court.

Affirmed.

CRONE, J., and BRADFORD, J., concur.