Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**JANE H. CONLEY**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RYAN D. JOHANNINGSMEIER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| TERRY CHANDLER, ) | |
| ) | |
| Appellant-Defendant, ) | |
| ) | |
| vs. ) | No. 49A02-1302-CR-166 |
| ) | |
| STATE OF INDIANA, ) | |
| ) | |
| Appellee-Plaintiff. ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Jose D. Salinas, Judge
Cause No. 49G14-1205-FD-34833

**August 13, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**VAIDIK, Judge**

## Case Summary

Terry Chandler appeals his conviction for Class A misdemeanor possession of cocaine. Chandler contends there is insufficient evidence to support his conviction because the State failed to prove that he constructively possessed the cocaine. We find that the State sufficiently proved the elements of possession of cocaine, including constructive possession, so we affirm Chandler's conviction.

## Facts and Procedural History

On May 23, 2012, Indianapolis Metropolitan Police Department Officer Richard Wilkerson saw a car speeding and not signaling for 200 feet before making a lane change. Officer Wilkerson activated his emergency lights, and the car continued for almost a block and a half before stopping. Officer Wilkerson noticed that Chandler, the driver of the car, was moving his head and shoulders "back and forth" excessively and looking in his mirrors and turning his head as if to see where Officer Wilkerson was located. Tr. p. 14.

Officer Wilkerson approached the car on the passenger side and saw a passenger in the front seat. Chandler handed Officer Wilkerson his driver's license and registration showing that the car was registered to him, and Officer Wilkerson noticed that Chandler's hand was shaking and he was breathing hard. *Id.* at 15. Officer Wilkerson was concerned for his safety because of Chandler's behavior, so he asked Chandler to exit and step toward the back of the car. But when Chandler got halfway out of the car, he turned back into the car and reached toward the front floorboard between the driver-side door and the driver's seat. Officer Wilkerson ordered Chandler to show his hands and walk to

the back of the car; he patted Chandler down, had him sit on the curb, and then instructed the passenger to get out of the car as well.

Chandler allowed Officer Wilkerson to search the car. Officer Wilkerson began searching near the driver-side door and "immediately observed laying right there on the carpet, floor carpet" crack cocaine. *Id.* at 18. This was the area where Officer Wilkerson had seen Chandler reach before he got out of the car.

The State charged Chandler with Class D felony possession of cocaine. A bench trial was held, and Chandler was found guilty of Class A misdemeanor possession of cocaine. The trial court sentenced him to 365 days, with 363 days suspended and 80 hours of community-service work.

Chandler now appeals.

### Discussion and Decision

Chandler contends that there is insufficient evidence to sustain his Class A misdemeanor possession of cocaine conviction. Our standard of review with regard to sufficiency claims is well settled. In reviewing a sufficiency of the evidence claim, this Court does not reweigh the evidence or judge the credibility of the witnesses. *Bond v. State*, 925 N.E.2d 773, 781 (Ind. Ct. App. 2010), *reh'g denied*, *trans. denied*. We consider only the evidence most favorable to the judgment and the reasonable inferences draw therefrom and affirm if the evidence and those inferences constitute substantial evidence of probative value to support the judgment. *Id.* Reversal is appropriate only when a reasonable trier of fact would not be able to form inferences as to each material element of the offense. *Id.*

3

Possession of cocaine occurs when the defendant "without a valid prescription or order of a practitioner acting in the course of the practitioner's professional practice, knowingly or intentionally possesses cocaine (pure or adulterated) . . . ." Ind. Code § 35-48-4-6(a). A conviction for possession of contraband may rest upon proof of either actual or constructive possession. *Washington v. State*, 902 N.E.2d 280, 288 (Ind. Ct. App. 2009), *trans. denied*. Actual possession occurs when a person has direct physical control over the substance, *Walker v. State*, 631 N.E.2d 1, 2 (Ind. Ct. App. 1994), and that actual possession does not need to exist at the exact time as the law enforcement's discovery of the contraband, *Wilburn v. State*, 442 N.E.2d 1098, 1101 (Ind. 1982). Constructive possession, on the other hand, occurs when the defendant has both (1) the intent and (2) the capability to maintain dominion and control over the subject contraband. *Atwood v. State*, 905 N.E.2d 479, 484 (Ind. Ct. App. 2009), *trans. denied*.

Chandler argues that the State failed to show that he had constructive possession of the cocaine because it did not show sufficient evidence of intent. We disagree.

To prove the intent element of constructive possession, the State must demonstrate the defendant's knowledge of the presence of the contraband. *Goliday v. State*, 708 N.E.2d 4, 6 (Ind. 1999). Knowledge may be inferred from either exclusive control over the premises where the substance is found, or, if the control is non-exclusive, evidence of additional circumstances pointing to knowledge of the presence of the contraband. *Id.* The capability element is met when the State shows the defendant was able to reduce the controlled substance to his personal possession. *Id.*

4

The evidence at trial showed that the cocaine was found on the floor in Chandler's car between the driver-side door and the driver's seat, the area where Officer Wilkerson testified that he had seen Chandler reach toward before getting out of the car. This was also a place where the passenger of the car could not have reached. This evidence is sufficient to show that Chandler had exclusive control over the area where the cocaine was found. However, even if his control had been non-exclusive, additional circumstances point to Chandler's knowledge of the cocaine in his car. Officer Wilkerson also testified that Chandler appeared very nervous and was making movements that made him nervous for his safety. Tr. p. 14-16. The reasonable inference drawn from this testimony is that Chandler was aware of the cocaine that was in his car.

This evidence is sufficient to support Chandler's conviction for Class A misdemeanor possession of cocaine. We affirm the trial court.

Affirmed.

BAKER, J., and FRIEDLANDER, J., concur.