**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Feb 13 2014, 9:27 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**THOMAS C. ALLEN**
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**CHANDRA K. HEIN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| DETRICK L. BROWN, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 02A05-1309-CR-455 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

**APPEAL FROM THE ALLEN SUPERIOR COURT**
The Honorable Frances C. Gull, Judge
Cause No. 02D04-1303-FC-73

**February 13, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BRADFORD, Judge**

**CASE SUMMARY**

On March 11, 2013, members of the Fort Wayne Police Department ("FWPD") were attempting to serve an active warrant for Appellant-Defendant Detrick L. Brown's arrest. At approximately 11:00 p.m., Officer Gary Hensler encountered Brown, who fled after observing an approaching FWPD squad car. Brown was apprehended soon thereafter. After Brown was apprehended, Sergeant Thomas Strausborger looked in the window of the vehicle that Brown had been driving and observed a handgun, in plain sight, on the floorboard in front of the front seat on the passenger side of the vehicle. The handgun was recovered after the owner of the vehicle consented to a search of the vehicle. The owner of the vehicle told Sergeant Strausborger that she had given Brown permission to drive her vehicle, the handgun did not belong to her, she had never seen the handgun before, and Brown was alone when he left in her vehicle earlier in the evening.

Appellee-Plaintiff the State of Indiana charged Brown with Class C felony carrying a handgun without a license. Brown was found guilty of this charge following a jury trial. Brown now appeals, claiming that the evidence is insufficient to sustain his conviction. Concluding that the evidence is sufficient to sustain Brown's conviction, we affirm.

**FACTS AND PROCEDURAL HISTORY**

On March 11, 2013, members of the FWPD were attempting to serve a warrant for Brown's arrest. Officer Hensler was patrolling the area near where Antoinette Amburgey lived after receiving information that Brown would be driving Amburgey's vehicle, a maroon Ford Taurus. While the exact nature of Brown's relationship with Amburgey is unclear, it is

2

undisputed that Brown and Amburgey have a child together.

Around 11:00 p.m., Officer Hensler encounter Brown. When Officer Hensler first observed Brown, Brown was driving Amburgey's vehicle. Officer Hensler then observed Brown park Amburgey's vehicle a few doors down and across the street from Amburgey's residence. Officer Hensler, who was parked in an unmarked vehicle two to three car lengths away from where Brown had parked Amburgey's vehicle, further observed that Brown was the sole occupant of Amburgey's vehicle.

Officer Hensler notified other members of the FWPD who were nearby of Brown's location and indicated that the others should begin to approach. When Brown observed an approaching FWPD squad car, Brown "took off running southbound." Tr. p. 58. Brown ran for a short distance before being apprehended by Officer Hensler.

Sergeant Strausborger, who was parked a block away, arrived at Amburgey's residence after Brown had been apprehended. Sergeant Strausborger looked into the window of Amburgey's vehicle and saw a handgun sitting in plain view on the floorboard of the front seat on the passenger's side of the vehicle. The handgun was removed from the vehicle after Sergeant Strausborger received Amburgey's permission to search the vehicle.[1] Amburgey told Sergeant Strausborger that she had last used her vehicle at approximately 7:30 p.m. or 8:30 p.m. that evening, she had granted Brown permission to use her vehicle, the handgun did not belong to her, and she "had never seen [the handgun] before." Tr. p. 71. Amburgey also told Sergeant Strausborger that Brown was "by himself when he left her house" in her

3

vehicle. Tr. p. 74.

On May 15, 2013, the State charged Brown with one count of Class C felony carrying a handgun without a license, one count of Class D felony possession of cocaine, and one count of Class A misdemeanor possession of paraphernalia. Following a July 10, 2013 jury trial, the jury found Brown guilty of Class C felony carrying a handgun without a license. The jury found Brown not guilty of the possession charges. On August 14, 2013, the trial court sentenced Brown to a term of six years, with four years executed and two years suspended to probation. This appeal follows.

## DISCUSSION AND DECISION

Brown contends that the evidence is insufficient to sustain his conviction for Class C felony carrying a handgun without a license.

> When reviewing the sufficiency of the evidence to support a conviction, appellate courts must consider only the probative evidence and reasonable inferences supporting the verdict. It is the fact-finder's role, not that of appellate courts, to assess witness credibility and weigh the evidence to determine whether it is sufficient to support a conviction. To preserve this structure, when appellate courts are confronted with conflicting evidence, they must consider it most favorably to the trial court's ruling. Appellate courts affirm the conviction unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. It is therefore not necessary that the evidence overcome every reasonable hypothesis of innocence. The evidence is sufficient if an inference may reasonably be drawn from it to support the verdict.

*Drane v. State*, 867 N.E.2d 144, 146-47 (Ind. 2007) (citations, emphasis, and quotations omitted). "In essence, we assess only whether the verdict *could* be reached based on

---

[1] Police also recovered a digital scale with a white powdery residue, later identified as cocaine, and a razor blade from inside the vehicle.

reasonable inferences that may be drawn from the evidence presented." *Baker v. State*, 968 N.E.2d 227, 229 (Ind. 2012) (emphasis in original). Upon review, appellate courts do not reweigh the evidence or assess the credibility of the witnesses. *Stewart v. State*, 768 N.E.2d 433, 435 (Ind. 2002).

Indiana Code section 35-47-2-1 provides that "a person shall not carry a handgun in any vehicle or on or about the person's body without being licensed … to carry a handgun." A person who violates Indiana Code section 35-47-2-1 commits a Class A misdemeanor. Ind. Code § 35-47-2-23(c). "However, the offense is a Class C felony … if the person … has been convicted of a felony within fifteen (15) years before the date of the offense." *Id.*

Initially, we note that Brown does not challenge the sufficiency of the evidence to prove the necessary facts to enhance his conviction for carrying a handgun without a license to a Class C felony, as he has admitted that he had been convicted of a felony within fifteen years of March 11, 2013. Brown merely argues that the evidence is insufficient to sustain the jury's determination that he possessed the handgun. We disagree.

A conviction for carrying a handgun without a license may rest on proof of actual or constructive possession of said handgun. *Bradshaw v. State*, 818 N.E.2d 59, 62 (Ind. Ct. App. 2004) (citing *Person v. State*, 764 N.E.2d 743, 750 (Ind. Ct. App. 2002), *trans. denied*).

> Actual possession occurs when a person has direct physical control over the items. *Walker v. State*, 631 N.E.2d 1, 2 (Ind. Ct. App. 1994). On the other hand, we have observed that to prove constructive possession, the State must show that a defendant had both the intent and capability to maintain dominion and control over the contraband. *Id.* Proof of dominion and control may be shown, inter alia, by (1) incriminating statements made by a defendant; (2) attempted flight or furtive gestures; (3) proximity of contraband to the defendant; (4) location of the contraband within the defendant's plain view; or

5

(5) the mingling of the contraband with other items owned by the defendant. *Henderson v. State*, 715 N.E.2d 833, 836 (Ind. 1999).

When constructive possession is alleged, the State must demonstrate the defendant's knowledge of the contraband. *Id*. at 835. Such knowledge may be inferred from the exclusive dominion or control over the premises containing the contraband or, if the control is nonexclusive, evidence of additional circumstances pointing to the defendant's knowledge of the presence of the contraband. *Id*. at 835-36. Moreover, while an accused must have actual knowledge of the presence of the item and of the item's character, this knowledge can be inferred from the fact that the item was found in a place under his dominion and control. *Taylor v. State*, 482 N.E.2d 259, 261 (Ind. 1985).

*Id*. at 62-63.

Here, the record demonstrates that Brown had both the intent and capability to maintain control over the handgun as well as knowledge of the handgun. Upon seeing the approaching FWPD squad cars, Brown attempted to flee from the officers. The handgun in question was subsequently found in plain view on the floorboard of the front seat on the passenger side of Amburgey's vehicle and was within arm's reach from where Brown had been sitting in the driver's seat. Additionally, the record indicates that Brown was in sole possession of the vehicle just prior to the discovery of the handgun as he was alone in the vehicle both when he left and when he returned to Amburgey's home. Amburgey told Sergeant Strausborger that the handgun did not belong to her and that she had never seen it before. In addition, after being apprehended, Brown requested permission to speak to Amburgey. While speaking with Amburgey, Officer Martin Grooms heard Brown tell Amburgey that "he was not worried about the [hand]gun because it wasn't stolen." Tr. p. 99. Brown's statement indicates that he had knowledge of the presence of the handgun in the

6

vehicle. The evidence is sufficient to prove constructive possession of the handgun by Brown. Brown's claim to the contrary effectively amounts to an invitation to reweigh the evidence on appeal, which we will not do. *See Stewart*, 768 N.E.2d at 435.

The judgment of the trial court is affirmed.

MATHIAS, J., and PYLE, J., concur.