# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 10 2017, 9:43 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Ellen M. O'Connor
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Tyler G. Banks,
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Gerald Donaldson,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

March 10, 2017

Court of Appeals Case No.
49A05-1608-CR-1834

Appeal from the Marion Superior Court

The Honorable Shatrese M. Flowers, Judge

The Honorable James Snyder, Commissioner

Trial Court Cause No.
49G20-1604-F4-12741

**Pyle, Judge.**

# Statement of the Case

Gerald Donaldson ("Donaldson") appeals his conviction for Level 4 felony unlawful possession of a firearm by a serious violent felon ("SVF").[1] He argues that there was not sufficient evidence to prove that he possessed the firearm that the police found near his car. Because we conclude that there was sufficient evidence that he possessed the firearm, we affirm. However, we also remand with instructions for the trial court to correct an error in Donaldson's abstract of judgment.

We affirm and remand.

# Issue

Whether there was sufficient evidence to prove that Donaldson possessed a firearm.

# Facts

Around 2 a.m. on March 31, 2016, Indianapolis Metropolitan Police Department Officer Marc Klonne ("Officer Klonne") was patrolling 38th Street in Indianapolis when he spotted a red vehicle with inoperable tail lights and a loud muffler. He determined that the vehicle's license plate was expired and, after following the vehicle for a while, turned on his lights and siren to conduct a traffic stop. However, the vehicle did not stop and led Officer Klonne on a pursuit through residential areas near 38th Street. Officer Klonne alerted

---

[1] IND. CODE § 35-47-4-5.

dispatch of the pursuit and then followed the vehicle until it finally stopped in a grassy area off of Birchwood Avenue.

[4] When Officer Klonne came to a stop a car length behind the red vehicle, he positioned his police car so that its spotlight shone into the red vehicle's interior. At that point, the driver of the vehicle, who was later identified as Donaldson, opened his door and ran in front of his car to flee from Officer Klonne. Officer Klonne saw a black item with a "distinct shine to it" and a "distinct rectangular or squared off shape" protruding from Donaldson's hand. (Tr. 17). He believed that the item was a firearm and conveyed this information to dispatch.

[5] In the meantime, Officer Klonne pursued Donaldson on foot. A second police vehicle with two officers arrived as backup and caught up to Donaldson. The officers then exited their car to pursue Donaldson on foot. One of the officers, who had been told that Donaldson might have a gun, noted that he did not see Donaldson holding a gun at that point in the chase. Instead, he observed Donaldson "running holding his pants" and then "switch[] hands holding his pants." (Tr. 60).

[6] Eventually, the officers caught up to Donaldson behind a house and took him into custody. They searched his pockets and found a marijuana blunt, heroin, and cocaine residue. They also found a toy gun on the sidewalk in front of the house where they had apprehended Donaldson. Another officer who was investigating the scene of the stopped cars discovered a real firearm on the grass

"about five feet from the front end of [Donaldson's] car." (Tr. 39). The officers did a firearms check and determined that Donaldson did not have a handgun license.

[7] When the officers booked Donaldson into the arrestee processing center, Donaldson used the center's telephones to make two phone calls—one to the mother of his children and one to his sister. (Tr. 80). In his conversation with the mother of his children, Donaldson said "[t]hey find the heat and everything and stuff" and "I said I had to throw the heat and everything." (State's Ex. 12a). He also said "[t]hey tryin' to say the heat was mine. The heat they found they tryin' to say it was mine." (State's Ex. 12a). During his second phone call with his sister, his sister asked, "But you had the gun too?" and he responded, "I had the gun, too." (State's Ex. 12a). Later in the conversation, though, he denied that he had possessed a gun that night.

[8] On April 5, 2016, the State charged Donaldson with Count 1, Level 4 felony unlawful possession of a firearm by a serious violent felon; Count 2, Level 5 felony possession of cocaine; Count 3, Level 5 felony possession of a narcotic drug; Count 4, Level 6 felony resisting law enforcement; Count 5, Class A misdemeanor resisting law enforcement; and Count 6, Class B misdemeanor possession of marijuana. The State also alleged that Donaldson was an habitual offender because he had two prior unrelated felony convictions.

[9] On June 13, 2016, the trial court held a jury trial. At trial, Officer Klonne and the other officers who had been involved in Donaldson's pursuit testified to the

above facts. Officer Klonne also testified that "heater" and "hot box" were "street names" for firearms. (Tr. 29, 30). Donaldson testified that he never had a toy gun on him or a "weapon period." (Tr. 79). He explained that when he said he "threw heat," he meant that he "threw the crack pipe that [he] had on [himself]." (Tr. 79). At the conclusion of the trial, the jury found Donaldson guilty as charged. The trial court then held a bench trial on the State's SVF and habitual offender allegations and determined that he was a SVF and habitual offender. The trial court sentenced him to eight (8) years on Count 1; two (2) years each on Counts 2, 3, and 4; and 180 days on Count 6, with all of the sentences to be served concurrently.[2] The court also enhanced Donaldson's sentence by nine (9) years, with six (6) years executed on community corrections and three (3) years suspended.[3] Donaldson now appeals.

## Decision

[10] On appeal, Donaldson argues that there was insufficient evidence to prove that he possessed the firearm that the officers found in front of his car. Our standard of review for a sufficiency of the evidence claim is well-settled. We consider only the probative evidence and reasonable inferences supporting the verdict.

---

[2] The trial court vacated Donaldson's conviction for Count 5 to avoid violating double jeopardy prohibitions.

[3] The trial court clarified in its sentencing order that the nine (9) year habitual offender enhancement enhanced Donaldson's sentence for Count I. However, its abstract of judgment provided that the "total sentence listed above"—which included all of the Counts—was enhanced by the nine (9) years. Our habitual offender statute specifies that a "[t]he court shall attach the habitual offender enhancement to the felony conviction with the highest sentence imposed and specify which felony count is being enhanced." I.C. § 35-50-2-8(j). Accordingly, we remand with instructions for the trial court to correct the abstract of judgment to clarify that Donaldson's habitual offender enhancement is attached to Count 1.

*Champion v. State*, 65 N.E.3d 607, 610 (Ind. Ct. App. 2016).  We do not reweigh the evidence or judge the credibility of witnesses.  *Id.*  We will affirm the conviction unless no reasonable fact finder could find the elements of the crime proven beyond a reasonable doubt.  *Id.*  The evidence is sufficient if an inference may be reasonably drawn from it to support the verdict.  *Id.*

[11]  In order to convict Donaldson for unlawful possession of a firearm by an SVF, the State had to prove that he was an SVF and:  "knowingly or intentionally possesse[d] a firearm."  I.C. § 35-47-4-5.  A person possesses an item when that person has "direct physical control over the item."  *Henderson v. State*, 715 N.E.2d 833, 835 (Ind. 1999).[4]

[12]  Here, Donaldson's arguments are essentially requests that we reweigh the evidence, which we will not do.  *See Champion*, 65 N.E.3d at 610.  Without reweighing the evidence, we conclude that there was sufficient evidence that Donaldson possessed the firearm.  Specifically, Officer Klonne saw a black item with a "distinct shine to it" and a "distinct rectangular or squared off shape" in Donaldson's hand and believed that item was a gun.  (Tr. 17).  Correspondingly, officers found a firearm five feet in front of Donaldson's car along the path that he took to flee the police.  Donaldson also admitted to

---

[4] Possession of contraband may be either actual or constructive.  *Henderson v. State*, 715 N.E.2d 833, 835 (Ind. 1999.  Actual possession occurs when a person has direct physical control over an item.  *Id.*  Constructive possession occurs when a person has the "'intent and capability to maintain dominion and control over the item.'"  *Id.* (quoting *Walker v. State*, 631 N.E.2d 1, 2 (Ind. Ct. App. 1994).  Donaldson argues that he did not have constructive possession of the firearm, but we need not address that argument as we conclude that he had actual possession of the firearm.

possessing a firearm when he talked to the mother of his children and his sister from jail. He told the mother of his children that the police had found the "heat" and that he had thrown "the heat." (State's Ex. 12a). Officer Klonne testified that "heater" is a street name for a firearm. (Tr. 29). Donaldson also told his sister that he had a gun. Based on this evidence, we conclude that there was sufficient evidence to prove that Donaldson possessed the firearm. Accordingly, we affirm the trial court.

[13] Affirmed and remanded.

Baker, J., and Mathias, J., concur.